

175 Pinelawn Road, Suite 250, Melville, NY 11747
(631) 232-6130  Fax (631) 232-6184

Direct Dial:  (631) 227-6323
Email:  mkflanagan@mdwcg.com

June 9, 2025

**VIA ECF**
Hon. Judge Gregory H. Woods
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

      RE:   *Perpetual Ashare v. Sontag & Hyman, P.C., et al.*
             Case No.      :       25-cv-02834
             MD File No.  :       03127.01748

Dear Judge Woods,

    This firm represents Defendants Sontag & Hyman, P.C. ( "Sontag & Hyman" )  and Marc H. Hyman ("Hyman") (collectively, "Sontag & Hyman") in the above-referenced action.  We write pursuant to your Honor's Individual Practices and Rules to request a pre-motion conference in anticipation of filing a motion to dismiss Plaintiff's Complaint ("Complaint") (Docket Entry ("DE") 1), based pursuant to Fed.R.Civ.P. 12(b)(6) on the grounds that is fails to state a claim.

***Factual Background:***

    Plaintiff Perpetual Ashare ("Ashare" or "Plaintiff") resides in a building which is owned and managed by the Landlord Defendants. Complaint, ¶¶ 1,3.  Plaintiff alleges that Sontag & Hyman sent her a collection letter dated January 18, 2024, which included disclosures required by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(g). Complaint at ¶ 45.  She further alleges that Sontag & Hyman sent a Five Day Rent Demand Letter, dated April 10, 2024, and a Thirty Day Rent Demand Letter the following day. *See id.*, ¶¶ 46, 52.

    According to Ashare, Sontag & Hyman "commenced a nonpayment eviction proceeding ... seeking possession of her apartment and $1,381.34 in rent arrears that were statutorily uncollectable" (*id.* at ¶ 3) on or about June 11, 2024. *Id.* at ¶ 56.  She claims that Sontag & Hyman commenced the proceeding, and had collected rent from her in the past, even though an intermediate appellate court had ruled that the landlords "were statutorily barred from collecting rent in the subject building due to the lack of a valid Certificate of Occupancy." *Id.* at ¶ 88.  The ruling was not issued in an action against Ashare, but against another tenant of the same building. *See id.* at ¶¶ 88-92.

Plaintiff asserts four causes of action against Sontag & Hyman: (1) Violation of the FDCPA, 15 U.S.C. § 1692, *et. seq* [Complaint at ¶¶ 111-116] ; (2) Violation of N.Y. General Business Law § 349 *et seq* [*id.* at ¶¶ 117- 125].; (3) Violation of Judiciary Law § 487 [Complaint at ¶¶ 126-134]; and (4) Negligence and Gross Negligence [Complaint at ¶¶ 135-139]. For the following reasons, Plaintiff's Complaint must be dismissed as failing to state a claim.

1. ***Fair Debt Collection Practices Act***

Even accepting Plaintiff's allegations that the Appellate Term of the New York State Supreme Court dismissed the Landlord Defendants' claims against another tenant in the building because of the lack of a valid certificate of occupancy, the Landlord Defendants were entitled to utilize the courts to seek redress against other tenants in the building who did not pay the rent. The court in the case cited in Ashare's complaint relied on Multiple Dwellings Law § 302 to dismiss the claim against the other tenant, but there are exceptions to the statutory bar. As noted in one treatise: "[C]ourts have carved out some exceptions to the absolute bar to rent collection by an out-of-compliance owner that the plain language of the statute requires. One exception to the absolute bar is where the violation of the certificate of occupancy requirements does not adversely affect the structural integrity of the building nor render the tenant's residential occupancy unlawful." Andrew Scherer, Hon. Fern Fisher, *Residential Landlord-Tenant Law in New York*, Ch. 12, §12:61 (2024) [collecting cases including *24th Street Holding LLC v. Martinez*, 43 Misc. 3d 8, 983 N.Y.S.2d 391 (First Dept. 2013)].

The Landlord Defendants were entitled to assert their rights under this exception and others without fear of retribution through an FDCPA claim or any other claim. To hold landlords and their advocates liable for exercising their right to seek redress in the courts would violate the *Noerr-Pennington* doctrine. There is nothing in Ashare's complaint to suggest that there were any "habitability impairing conditions" involving her unit, and to permit her to recover damages by characterizing Sontag & Hyman's legal efforts as deceptive would effectively deprive them of the ability to fully represent their clients.

The Second Circuit has relied on the *Noerr-Pennington* doctrine to dismiss General Business Law claims against attorneys who brought a foreclosure action, *see Singh v. NYCTL 2009-A Trust*, 683 Fed.Appx. 76 (2d Cir. 2017), and there is no reason it should not also be relied upon to dismiss FDCPA claims. The doctrine also encompasses "concerted efforts incident to litigation, such as pre-litigation threat letters and settlement offers," *see id.* [quoting *Primetime 24 Joint Venture v. Nat'l Broad., Co.*, 219 F.3d 92, 99–100 (2d Cir. 2000), and so would also apply to the pre-litigation notices referenced in the Complaint.

2. ***Judiciary Law § 487***

Plaintiff's Judiciary Law § 487 claim is subject to the particularity requirements of Federal Rule of Civil Procedure 9(b). *See Shad v. Zachter PLLC,* No. 1:23-CV-10724 2024 WL 2020794, at *6 (S.D.N.Y. Mar. 7, 2024), *report and recommendation adopted*, No. 123CV10724, 2024 WL 1955448 (S.D.N.Y. May 3, 2024). In order to state a claim for a violation of Judiciary Law § 487, a plaintiff must allege, *inter alia*, (a) deceit or collusion; (2) intent to deceive the court or a party; and (c) actual damages caused by the deceit or collusion. *See Superb Motors Inc. v. Deo,* No. 23-

CV-6188 , 2025 WL 888464, at *44 (E.D.N.Y. Mar. 21, 2025) (*quoting Ray v. Watnick*, 182 F. Supp. 3d 23, 28 (S.D.N.Y. 2016). Plaintiff fails to allege these elements.

Plaintiff's allegations fall outside the scope of Judiciary Law § 487. Plaintiff alleges that Sontag & Hyman violated Judiciary Law § 487 by, *inter alia*, "filing a court action to recover a debt from Ms. Ashare despite clear evidence that Ms. Ashare did not owe a putative debt." Complaint at § 127. However, it is well-settled that an "'[a]ssertion of unfounded allegations in a pleading, even if made for improper purposes, does not provide a basis for liability' under Section 487." *Tacopina v. Kerik*, No. 14 CV 749, 2016 WL 1268268, at *6 (S.D.N.Y. Mar. 31, 2016) (Swain, D.J.) (*quoting Ticketmaster Corp. v. Lidsky*, 245 A.D.2d 142, 143 (1st Dep't 1997)). To the extent Plaintiff's other allegations relate to conduct occurring before litigation, such allegations do not give rise to a Judiciary Law § 487 claim, which is limited to conduct occurring during litigation. *See e.g., Bill Birds, Inc. v. Stein L. Firm, P.C.*, 35 N.Y.3d 173, 179-180 (2020).

### 3. *Negligence and Gross Negligence*

Plaintiffs assert a claim of negligence against all Defendants. However, attorneys in New York are not liable to third-parties for professional negligence except in circumstances which are not alleged here. See *Nelson v. Kalathara*, 48 A.D.3d 528 (2d Dept. 2008).

### 4. *N.Y. General Business Law § 349*

To state a claim under N.Y. GBL § 349, "a plaintiff must allege that (i) the defendant engaged in consumer oriented conduct, (ii) the defendant's conduct was materially misleading, and (iii) the plaintiff was injured as a result of the defendant's conduct." Finch v. Slochowsky & Slochowsky, LLP, No. 19-CV-6273, 2020 WL 5848616, at *5 (E.D.N.Y. Sept. 30, 2020). In particular, "courts have rejected tenants' attempts to bring Section 349 class against their landlords arising out of private and unique landlord-tenant transactions." *Id.* Allegations "regarding the number of eviction actions filed by a law firm, without more, does not enable a court to draw the reasonable inference that defendants are engaged in a pattern of misconduct involving other tenants." *Id.* at *6; *see also, e.g,* Remler v. Cona Elder L., PLLC, No. 21CV5176, 2022 WL 4586243, at *8 (E.D.N.Y. Sept. 29, 2022) ( dismissing GBL § 349 claim where on plaintiff's allegation that defendants filed lawsuits without factual basis insufficient to raise upon a speculative level of a pattern of misconduct). Here, Plaintiff's allegations are devoid of merit and should be dismissed.

Thank you for your time and consideration of this request.

Very truly yours,

Matthew K. Flanagan

MKF:stk

**cc: <u>VIA ECF</u>**

Ahmad Keshavarz, Esq.
Cecilia Sawaya MacArthur, Esq.
Mary Rockett, Esq.