# A H M A D   K E S H A V A R Z
*Attorney at Law*

---

16 C OURT S T ., 26 TH F LOOR
B ROOKLYN , NY 11241-1026

WWW.N EW Y ORK C ONSUMER A TTORNEY.COM
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900
Fax: (877) 496-7809

June 16, 2025

**VIA ECF**
Magistrate Judge Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> **Re: Plaintiff's letter opposition to Defendant Hyman's pre-motion letter at DE7.**
> *Perpetual Ashare  v. Sontag & Hyman, P.C  et al.,* Case 1:25-cv-02834-GHW-KHP

Dear Judge Parker:

The undersigned, along with co-counsel Manhattan Legal Services, represents Plaintiff Perpetual Ashare ("Plaintiff" or "Ms. Ashare") in the above-entitled action alleging violations of the Fair Debt Collection Practices Act and various state law claims against debt collection law firm, Sontag & Hyman P.C. and a principal at the firm, Marc H. Hyman, (collectively, the "Attorney Defendants") and state law claims based on the same nucleus of operative facts against the property owners and property management companies for whom the Attorney Defendants were collecting (collectively the "Landlord Defendants").

We write this letter pursuant to Rule III(a) of Your Honor's Individual Practice Rules pre-motion letter at DE 27 of the Attorney Defendants to file a Fed. R. Civ. P. 12(b)(6) motion to dismiss. For the reasons discussed below, none of the arguments raised in the Attorney Defendants' letter warrant dismissal of Plaintiff's Complaint.

*Factual Background:*

Plaintiff Perpetual Ashare is a single working mother and long-term tenant of the subject unit, which is owned and managed by Landlord Defendants. The subject building has lacked a valid Certificate of Occupancy since June 4, 2015, when the last temporary Certificate of Occupancy expired. Complaint ¶¶ 1, 2, 41.

On March 25, 2024, in a case filed by Landlord Defendants and argued by Attorney Defendants, the New York State Appellate Term, First Department affirmed the dismissal of a nonpayment proceeding filed against Ms. Ashare's neighbor, holding that "[b]ecause the building lacks a valid certificate of occupancy, landlord is precluded from seeking to recover rent..." *E. Harlem MEC Parcel C, L.P. v. Smalls*, 82 Misc. 3d 127(A), 205 N.Y.S.3d 841 (N.Y. App. Term, 1st Dept 2024) (citing to Multiple Dwelling Law ("MDL") §§ 301, 302(1)(a),(b)). *Id*. ¶ 43.

Despite the Appellate Term's clear directive to Landlord and Attorney Defendants, on April 10, 2024, Attorney Defendants mailed Ms. Ashare a "Five Day Rent Demand" alleging that she owed $3,617.44 in rent arrears, and the shortly thereafter sent a "Thirty Day Demand Notice" seeking the same sum. *Id*. ¶¶ 46,50-52. These notices demanding payment and threatening eviction for her and her children duped and terrified Ms. Ashare to make payments for monies she

did not owe. *Id*. ¶¶ 53, 54. Attorney Defendants then commenced a nonpayment eviction proceeding against Ms. Ashare on June 11, 2024, to which Ms. Ashare answered *pro se*. Id. ¶¶ 56-60. While the proceeding was eventually discontinued, the case caused Ms. Ashare immense emotional anguish, shame, sleeplessness, and distress, as well as incurring expenses and being duped into making rent payments to attempt to prevent eviction. *Id*., ¶¶ 71-81.

Ms. Ashare thus asserts four causes of action against Attorney Defendants: (1) Violation of the FDCPA, 15 U.S.C. § 1692, *et. seq;* (2) Violation of the N.Y. General Business Law § 349, *et. seq;* (3) Violation of Judiciary Law § 487; and (4) Negligence and Gross Negligence. For the following reasons, Attorney Defendants' Motion to Dismiss must be denied.

## I.   *Fair Debt Collection Practices Act*

Counsel's statement that "there are exceptions to the statutory bar" to rent collection imposed by MDL §302 is fundamentally incorrect and erroneously relies on cases conclusively overturned by the New York State Court of Appeals. *See Chazon, LLC v. Maugenest*, 19 N.Y.3d 410, 416, 971 N.E.2d 852 (2012). The current and controlling caselaw is clear: the statutory bar in MDL §302 is absolute and totally prohibits any efforts to collect rent from tenants living in a building without a valid Certificate of Occupancy, regardless of whether the particular tenant's unit is affected. *Id*. ("[MDL] §302(1)(b) bars not only an action to recover rent, but also an 'action or special proceeding . . . for possession of said premises for nonpayment of such rent.' This is such an action, and it is barred. If that is an undesirable result, the problem is one to be addressed by the Legislature.")

In *24ᵗʰ Street Holding LLC v. Martinez*, 43 Misc.3d 8, 983 N.Y.S.2d 391 (App Term, 1ˢᵗ Dept 2013)*,* a thirteen-year-old decision and the only case specifically cited by Counsel in his brief, the Appellate Term had not yet incorporated *Chazon's* controlling holding that Certificate of Occupancy defects fully bar rent collection regardless of whether they impact a particular tenant. Indeed, the same treatise Counsel cites includes a critical addendum, highlighting that *Chazon* soundly "rejected the substantial body of case law carving out exceptions to the rent bar of Section 302. The Court stated that the statutory language was clear, and that, while judicially created exceptions might be practical, they simply could not be reconciled with the plain language of the statute." Andrew Scherer, Hon. Fern Fisher, *Residential Landlord-Tenant Law in New York*, Ch. 12, §12:61 (2024).

More recently, the Appellate Term and Division have uniformly, repeatedly and unambiguously adhered to the controlling precedent of *Chazon*, and strictly applied the rent collection bar of MDL §302. *See e.g., Matter of 49 Bleeker, Inc. v. Gatien,* 157 A.D.3d 619 (N.Y. App. Div. 1ˢᵗ Dept 2018) (finding that MDL §302 precluded the landlord from charging rent while no certificate of occupancy was in effect without considering whether the subject unit was in fact impacted); *47th Holdings LLC v. Eliyahu*, 64 Misc. 3d 133(A), 116 N.Y.S.3d 843 (N.Y. App. Term. 1ˢᵗ Dept 2019) (holding that the statutory bar of MDL §302 applies "even if the tenant's apartment was not one of the newly created apartments"); *Ormonde Equities LLC v. Jacoby*, 81 Misc. 3d 137(A), 200 N.Y.S.3d 290 (N.Y. App. Term. 1ˢᵗ Dept 2023) (finding that MDL §302 bars rent collection "even though tenant's apartment may not have been affected by the alteration/change underlying the violation").

Most egregiously, in *Smalls*, the Appellate Term rejected Attorney Defendants' attempt to carve out the same exception Counsel advances here, finding instead—for a tenant <u>identically situated to Ms. Ashare</u>—that no such exception to MDL §302 exists and that the lack of a valid

Certificate of Occupancy requires dismissal "even though tenant's apartment may not have been affected by the alterations." *Smalls, supra.* In *Chazon*, the Court of Appeals clearly instructed lower courts that MDL §302 creates an absolute bar to rent collection, and that controlling precedent was then reiterated specifically and personally to the Attorney Defendants in *Smalls*, in the same building to a tenant identically situated to the Plaintiff. Defendant Hyman has no good faith justification to completely ignore the clear statutory prohibition on rent collection in the building subject of this action.

Moreover, Ms. Ashare's claim that Attorney Defendants violated the FDCPA and state law by suing to collect putative rent debt when there was an absolute bar to collections falls within the "sham" exception to the *Noerr-Pennington* doctrine as the suit was "objectively baseless." *See, e.g. Baptiste-Elmine v. Richland & Falkowski, PLLC*, No. 21-CV-4994 (RPK) (PK), 2025 WL 974346, at *13 (E.D.N.Y. Apr. 1, 2025) (threatening to foreclose on time-barred debt) (collecting cases).

## II. Judiciary Law § 487

Plaintiff's complaint alleges that the Attorney Defendants repeatedly sued Ms. Ashare and other tenants of the building 82 times for rent during the 10 years they were prohibited from doing so because of the lack of certificate of occupancy. Complaint ¶ ¶ 2, 3, 41-44, 49, 56-65, 101-110 (pattern and practice).  This fits well within the fact patterns of prior cases where the consumer was held to state a Judiciary § 487 claim for defendants' repeatedly suing for rent not owed, *Torres v. Gutman, Mintz, Baker & Sonnenfeldt P.C.*, No. 17-cv-4109 (KAM) (CLP), 2018 WL 1545687, at *3 (E.D.N.Y. Mar. 29, 2018), or seeking to collect on invalid judgments, *Villalba v. Houslanger & Assocs., PLLC*, No. 19CV4270PKCRLM, 2022 WL 900538, at *20 (E.D.N.Y. Mar. 28, 2022), or filing collection lawsuits without a meaningful attorney review and that were time-barred. *Diaz v. Portfolio Recovery Assocs., LLC*, No. 10 CV 3920 ERK, 2012 WL 661456, at *15 (E.D.N.Y. Feb. 28, 2012), *report and recommendation adopted*, No. 10 CV 3920 MKB CLP, 2012 WL 1882976 (E.D.N.Y. May 24, 2012). The collection letters referenced in the Complaint does not form the basis of the Judiciary Law claim.

## III. Negligence and gross negligence

The Attorney Defendants, as debt collectors, owe a duty of reasonable care to Ms. Ashare. "Creditors and debt collectors owe debtors 'a duty of reasonable care' in the collection of their debts." *Hawkins-El v. First Am. Funding, LLC,* 891 F. Supp. 2d 402, 419 (E.D.N.Y. 2012), aff'd, 529 F. App'x 45 (2d Cir. 2013) (*quoting Colo. Capital v. Owens*, 227 F.R.D. 181, 191 (E.D.N.Y. 2005); see also *Sanchez, supra*, 2018 WL 2084147, at *6–7 (duty of landlord attorneys to respondent tenants).

## IV. N.Y. General Business Law § 349

Unlike the cases cited by the Attorney Defendants, one need look no further than the face of the 82 collection lawsuits filed against Ms. Ashare and other tenants of her apartment building over the last 10 years to establish "a pattern of misconduct" and a "sufficient factual basis" to establish consumer-oriented misconduct: all 82 suits were against tenants of the same building, for which there was no certificate of occupancy. *See also Sanchez, supra*, 2018 WL 2084147, at *10-11 (repeated filing of collection suits for rent not owed is not a "private dispute" and states a GBL § 349 claim).

3

Sincerely,
/s/
Ahmad Keshavarz