UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PERPETUAL ASHARE,                                    Civil Action No. 1:25-cv-02834-GHW-KHP

                            Plaintiff,

        -against-                                    **ANSWER, AFFIRMATIVE DEFENSES
                                                     AND CROSS-CLAIM**

SONTAG & HYMAN, P.C.,
MARC H. HYMAN,
EAST HARLEM MEC PARCEL C L.P.,
EAST HARLEM MEC PARCEL C HOUSING
FUND DEVELOPMENT CORPORATION,
METRO 125, INC and
RICHMAN PROPERTY SERVICES, INC.

                            Defendants.
------------------------------------------------------------X

  PLEASE TAKE NOTICE THAT the Defendants EAST HARLEM MEC PARCEL C

L.P., EAST HARLEM MEC PARCEL C HOUSING FUND DEVELOPMENT

CORPORATION, and RICHMAN PROPERTY SERVICES, INC. (hereinafter collectively

"Defendants" or "Answering Defendants") hereby appears in this proceeding by their attorneys

Port & Sava, and demand that all papers be served on their attorneys at the address listed below.

  PLEASE TAKE FURTHER NOTICE that the Defendants hereby interpose the following

Answer to the Complaint of the Plaintiff PERPETUAL ASHARE, allege as follows, upon

information and belief:

1.  Defendants lack knowledge and information to form a belief as to the background of the

Plaintiff set forth in Paragraph 1 of the Complaint. Moreover, Paragraph 1 of the Complaint

contains assertions of law to which no responsive pleading is required. Answering Defendants

respectfully submit all such questions of law to the Court. To the extent that a responsive

pleading is required, all allegation(s) is/are denied.

2.      Defendants deny the allegation(s) as set forth in Paragraph 2 of the Complaint.

3.      Paragraph 3 of the Complaint contains assertions of law to which no responsive pleading is required. Answering Defendants respectfully submit all such questions of law to the Court. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

4.      Paragraph 4 of the Complaint contains assertions of law to which no responsive pleading is required. Answering Defendants respectfully submit all such questions of law to the Court. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

5.      Paragraph 5 of the Complaint contains assertions of law to which no responsive pleading is required. Answering Defendants respectfully submit all such questions of law to the Court. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

6.      Paragraph 6 of the Complaint contains assertions of law to which no responsive pleading is required. Answering Defendants respectfully submit all such questions of law to the Court. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

7.      Paragraph 7 of the Complaint contains assertions of law to which no responsive pleading is required. Answering Defendants respectfully submit all such questions of law to the Court. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

8.      Paragraph 8 of the Complaint contains assertions of law to which no responsive pleading is required. Answering Defendants respectfully submit all such questions of law to the Court. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

9.      Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 9 of the Complaint; therefore, all such allegation(s) is/are denied.

10.     Paragraph 10 of the Complaint contains assertions of law to which no responsive pleading is required. Answering Defendants respectfully submit all such questions of law to the Court. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

11.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 11 of the Complaint.

12.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 12 of the Complaint.

13.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 13 of the Complaint.

14.     Paragraph 14 of the Complaint contains no factual allegations to which a responsive pleading is required. To the extent that a responsive pleading is required, the Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 14 of the Complaint.

15.     Answering Defendants admit the allegation(s) contained in paragraph 15 of the Complaint.

16.     Defendants deny the allegation(s) as set forth in Paragraph 16 of the Complaint.

17.     Answering Defendants admit the allegation(s) contained in paragraph 17 of the Complaint.

18.     Answering Defendants admit that Defendant Richman is a corporation organized and existing under the laws of the state of Connecticut and is duly authorized and qualified to do business in the State of New York. All other allegation(s) set forth in paragraph 18 is/are denied.

19.     Defendants deny the allegation(s) as set forth in Paragraph 19 of the Complaint.

20.     Defendants deny the allegation(s) as set forth in Paragraph 20 of the Complaint.

21.     Paragraph 21 of the Complaint contains no factual allegations to which a responsive pleading is required. To the extent that a responsive pleading is required, the Answering Defendants deny the allegation(s) set forth in Paragraph 21 of the Complaint as Metro 125 LLC is not a defendant listed in the caption of the Complaint, is an unknown entity and is not affiliated with the Answering Defendants.

22.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 22 of the Complaint.

23.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 23 of the Complaint.

24.     Answering Defendants admit the allegation(s) contained in paragraph 24 of the Complaint.

25.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 25 of the Complaint as terms such as "many" are undefined; therefore, all such allegation(s) is/are denied.

26.     Defendants deny the allegation(s) as set forth in Paragraph 26 of the Complaint. The terms "cluster" and "intertwined corporate entities" are undefined and Metro 125 is an unknown entity.

27.     Defendants deny the allegation(s) as set forth in Paragraph 27 of the Complaint.

28.     Defendants deny the allegation(s) as set forth in Paragraph 28 of the Complaint.

29.     Defendants deny the allegation(s) as set forth in Paragraph 29 of the Complaint.

30.     Defendants deny the allegation(s) as set forth in Paragraph 30 of the Complaint.

31.     Admit that Ms. Johnson-Clarke's email address is ClarkeK@richmanmgt.com, but deny all other allegation(s) contained in paragraph 31 of the Complaint.

32.     Defendants deny the allegation(s) as set forth in Paragraph 32 of the Complaint.

33.     Defendants deny the allegation(s) as set forth in Paragraph 33 of the Complaint.

34.     Defendants deny the allegation(s) as set forth in Paragraph 34 of the Complaint.

35.     Admit that Karlene Johnson Clarke is a Richman employee but deny all other allegation(s) contained in paragraph 35 of the Complaint.

36.     Defendants deny the allegation(s) as set forth in Paragraph 36 of the Complaint. The term "affirmative steps" is undefined.

37.     Defendants deny the allegation(s) as set forth in Paragraph 37 of the Complaint. Metro 125 is an unknown entity.

38.     Defendants deny the allegation(s) as set forth in Paragraph 38 of the Complaint. Metro 125 is an unknown entity.

39.     Defendants deny the allegation(s) as set forth in Paragraph 39 of the Complaint. Metro 125 is an unknown entity.

40.     Defendants deny the allegation(s) as set forth in Paragraph 40 of the Complaint. Metro 125 is an unknown entity.

41.     Defendants deny the allegation(s) as set forth in Paragraph 41 of the Complaint.

42.     Paragraph 42 of the Complaint contains assertions of law to which no responsive pleading is required. Answering Defendants respectfully submit all such questions of law to the Court. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

43.     Paragraph 43 of the Complaint contains assertions of law to which no responsive pleading is required. Answering Defendants respectfully submit all such questions of law to the Court. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

44.     Defendants deny the allegation(s) as set forth in Paragraph 44 of the Complaint. The term "two months" is an undefined and therefore an unknown point of time.

45.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 45 of the Complaint; therefore, all such allegation(s) is/are denied.

46.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 46 of the Complaint; therefore, all such allegation(s) is/are denied.

47.    Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 47 of the Complaint; therefore, all such allegation(s) is/are denied.

48.    Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 48 of the Complaint; therefore, all such allegation(s) is/are denied.

49.    Defendants deny the allegation(s) as set forth in Paragraph 49 of the Complaint.

50.    Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 50 of the Complaint; therefore, all such allegation(s) is/are denied.

51.    Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 51 of the Complaint; therefore, all such allegation(s) is/are denied.

52.    Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 52 of the Complaint; therefore, all such allegation(s) is/are denied.

53.    Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 53 of the Complaint; therefore, all such allegation(s) is/are denied.

54.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 54 of the Complaint; therefore, all such allegation(s) is/are denied.

55.     Defendants deny the allegation(s) as set forth in Paragraph 55 of the Complaint.

56.     Defendants deny the allegation(s) as set forth in Paragraph 56 of the Complaint, except note that they are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 56 of the Complaint regarding the filing of an action under LT-300890-24/NY as the term "around June 11, 2024" is an unknown point in time and therefore, all such allegation(s)  in paragraph 56 is/are denied.

57.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 57 of the Complaint; therefore, all such allegation(s) is/are denied.

58.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 58 of the Complaint; therefore, all such allegation(s) is/are denied.

59.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 59 of the Complaint; therefore, all such allegation(s) is/are denied.

60.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 60 of the Complaint; therefore, all such allegation(s) is/are denied.

61.    Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 61 of the Complaint; therefore, all such allegation(s) is/are denied.

62.    Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 62 of the Complaint; therefore, all such allegation(s) is/are denied.

63.    Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 63 of the Complaint; therefore, all such allegation(s) is/are denied.

64.    Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 64 of the Complaint; therefore, all such allegation(s) is/are denied.

65.    Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 65 of the Complaint; therefore, all such allegation(s) is/are denied.

66.    Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 66 of the Complaint; therefore, all such allegation(s) is/are denied.

67.    Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 67 of the Complaint; therefore, all such allegation(s) is/are denied.

68.    Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 68 of the Complaint; therefore, all such allegation(s) is/are denied.

69.    Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 69 of the Complaint; therefore, all such allegation(s) is/are denied.

70.    Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 70 of the Complaint; therefore, all such allegation(s) is/are denied.

71.    Defendants deny the allegation(s) as set forth in Paragraph 71 of the Complaint.

72.    Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 72 of the Complaint; therefore, all such allegation(s) is/are denied.

73.    Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 73 of the Complaint; therefore, all such allegation(s) is/are denied.

74.    Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 74 of the Complaint; therefore, all such allegation(s) is/are denied.

75.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 75 of the Complaint; therefore, all such allegation(s) is/are denied.

76.     Defendants deny the allegation(s) as set forth in Paragraph 76 of the Complaint.

77.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 77 of the Complaint; therefore, all such allegation(s) is/are denied.

78.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 78 of the Complaint; therefore, all such allegation(s) is/are denied.

79.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 79 of the Complaint; therefore, all such allegation(s) is/are denied.

80.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 80 of the Complaint; therefore, all such allegation(s) is/are denied.

81.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 81 of the Complaint; therefore, all such allegation(s) is/are denied.

82.    Paragraph 82 of the Complaint contains assertions of law to which no responsive pleading is required. Answering Defendants respectfully submit all such questions of law to the Court. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

83.    Paragraph 83 of the Complaint contains assertions of law to which no responsive pleading is required. Answering Defendants respectfully submit all such questions of law to the Court. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

84.    Paragraph 84 of the Complaint relates solely to claims against co-defendants "Attorney Defendants" to which no responsive pleading is required by the Answering Defendants. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

85.    Paragraph 85 of the Complaint relates solely to claims against co-defendants "Attorney Defendants" to which no responsive pleading is required by the Answering Defendants. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

86.    Paragraph 86 of the Complaint relates solely to claims against co-defendants "Attorney Defendants" to which no responsive pleading is required by the Answering Defendants. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

87.    Paragraph 87 of the Complaint relates solely to claims against co-defendants "Attorney Defendants" to which no responsive pleading is required by the Answering Defendants. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

88.    Paragraph 88 of the Complaint contains assertions of law to which no responsive pleading is required. Answering Defendants respectfully submit all such questions of law to the Court. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

89.     Paragraph 89 of the Complaint contains assertions of law to which no responsive pleading is required. Answering Defendants respectfully submit all such questions of law to the Court. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

90.     Paragraph 90 of the Complaint relates solely to claims against co-defendants "Attorney Defendants" to which no responsive pleading is required by the Answering Defendants. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

91.     Paragraph 91 of the Complaint relates solely to claims against co-defendants "Attorney Defendants" to which no responsive pleading is required by the Answering Defendants. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

92.     Paragraph 92 of the Complaint relates solely to claims against co-defendants "Attorney Defendants" to which no responsive pleading is required by the Answering Defendants. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

93.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 93 of the Complaint; therefore, all such allegation(s) is/are denied.

94.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 94 of the Complaint; therefore, all such allegation(s) is/are denied.

95.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 95 of the Complaint; therefore, all such allegation(s) is/are denied.

96.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 96 of the Complaint; therefore, all such allegation(s) is/are denied.

97.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 97 of the Complaint; therefore, all such allegation(s) is/are denied.

98.     Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 98 of the Complaint; therefore, all such allegation(s) is/are denied.

99.     Paragraph 99 of the Complaint relates solely to claims against co-defendants "Attorney Defendants" to which no responsive pleading is required by the Answering Defendants. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

100.    Paragraph 100 of the Complaint relates solely to claims against co-defendants "Attorney Defendants" to which no responsive pleading is required by the Answering Defendants. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

101.    Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 101 of the Complaint; therefore, all such allegation(s) is/are denied.

102.    Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 102 of the Complaint; therefore, all such allegation(s) is/are denied.

103.    Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 103 of the Complaint; therefore, all such allegation(s) is/are denied.

104.    Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 104 of the Complaint; therefore, all such allegation(s) is/are denied.

105.    Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 105 of the Complaint; therefore, all such allegation(s) is/are denied.

106.    Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 106 of the Complaint; therefore, all such allegation(s) is/are denied.

107.    Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 107 of the Complaint; therefore, all such allegation(s) is/are denied.

108.    Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 108 of the Complaint; therefore, all such allegation(s) is/are denied.

109.    Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation(s) contained in paragraph 109 of the Complaint; therefore, all such allegation(s) is/are denied.

110.    Defendants deny the allegation(s) as set forth in Paragraph 110 of the Complaint.

111.    Paragraph 111 of the Complaint is merely a reiteration of the allegations set forth previously in the Complaint to which no responsive pleading is required. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

112.    Paragraph 112 of the Complaint contains assertions of law to which no responsive pleading is required. Answering Defendants respectfully submit all such questions of law to the Court. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

113.    Paragraph 113 of the Complaint contains assertions of law to which no responsive pleading is required. Answering Defendants respectfully submit all such questions of law to the Court. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

114.    Paragraph 114 of the Complaint relates solely to claims against co-defendants "Attorney Defendants" to which no responsive pleading is required by the Answering Defendants. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

115.    Defendants deny the allegation(s) as set forth in Paragraph 115 of the Complaint.

116.    Paragraph 116 of the Complaint contains no factual allegations to which a responsive pleading is required. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

117.    Paragraph 117 of the Complaint is merely a reiteration of the allegations set forth previously in the Complaint to which no responsive pleading is required. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

118.    Defendants deny the allegation(s) as set forth in Paragraph 118 of the Complaint.

119.    Defendants deny the allegation(s) as set forth in Paragraph 119 of the Complaint.

120.    Defendants deny the allegation(s) as set forth in Paragraph 120 of the Complaint.

121.    Defendants deny the allegation(s) as set forth in Paragraph 121 of the Complaint.

122.    Defendants deny the allegation(s) as set forth in Paragraph 122 of the Complaint.

123.    Defendants deny the allegation(s) as set forth in Paragraph 123 of the Complaint.

124.    Defendants deny the allegation(s) as set forth in Paragraph 124 of the Complaint.

125.    Defendants deny the allegation(s) as set forth in Paragraph 125 of the Complaint.

126.    Paragraph 126 of the Complaint is merely a reiteration of the allegations set forth previously in the Complaint to which no responsive pleading is required. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

127.    Paragraph 127 of the Complaint relates solely to claims against co-defendants "Attorney Defendants" to which no responsive pleading is required by the Answering Defendants. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

128.    Paragraph 128 of the Complaint relates solely to claims against co-defendants "Attorney Defendants" to which no responsive pleading is required by the Answering Defendants. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

129.    Paragraph 129 of the Complaint relates solely to claims against co-defendants "Attorney Defendants" to which no responsive pleading is required by the Answering Defendants. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

130.     Paragraph 130 of the Complaint relates solely to claims against co-defendants "Attorney Defendants" to which no responsive pleading is required by the Answering Defendants. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

131.     Paragraph 131 of the Complaint relates solely to claims against co-defendants "Attorney Defendants" to which no responsive pleading is required by the Answering Defendants. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

132.     Defendants deny the allegation(s) as set forth in Paragraph 132 of the Complaint.

133.     Paragraph 133 of the Complaint relates solely to claims against co-defendants "Attorney Defendants" to which no responsive pleading is required by the Answering Defendants. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

134.     Paragraph 134 of the Complaint relates solely to claims against co-defendants "Attorney Defendants" to which no responsive pleading is required by the Answering Defendants. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

135.     Paragraph 135 of the Complaint is merely a reiteration of the allegations set forth previously in the Complaint to which no responsive pleading is required. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

136.     Defendants deny the allegation(s) as set forth in Paragraph 136 of the Complaint.

137.     Defendants deny the allegation(s) as set forth in Paragraph 137 of the Complaint.

138.     Defendants deny the allegation(s) as set forth in Paragraph 138 of the Complaint.

139.     Defendants deny the allegation(s) as set forth in Paragraph 139 of the Complaint.

140.    The Wherefore clause with subsections (a) through (g), and subsequent paragraphs, of the Complaint contain request for relief and a jury demand to which no responsive pleading is required. To the extent that a responsive pleading is required, all allegation(s) is/are denied.

141.    Answering Defendants deny the allegations contained in the Complaint to the extent not expressly admitted in the preceding paragraphs. Further, Answering Defendants deny that Plaintiff is entitled to receive any relief sought against said Answering Defendants in this action.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

142.    Answering Defendants engaged in no conduct violative of the Fair Debt Collection Practices Act or any other statute.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

143.    Plaintiff has no legal basis for naming the Answering Defendants as Defendants in this action.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

144.    Answering Defendants were not required to provide information or notices under the FDCPA because the debts claimed due were not debts within the meaning of the FDCPA.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

145.    Plaintiff has no standing to assert claims for alleged violations of New York State General Business Law ("GBL") § 349 and has no valid claims against the Answering Defendants under GBL § 349.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

146.    Plaintiff has suffered no injury and sustained no damages within the meaning of the FDCPA as a result of any acts or omissions to act of the Answering Defendants.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

147.    Plaintiff is not entitled to recover any statutory damages, punitive damages or compensatory damages against the Answering Defendants.

**AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE**

148.    The damages claimed by the Plaintiff are flawed and incorrect.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

149.    The Complaint fails to state a claim upon which relief may be granted.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

150.    The claims in the Complaint are barred, in whole or in part, by the doctrine of waiver, unclean hands, laches, statute of limitations, consent, ratification, avoidable consequences and/or estoppel.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

151.    Answering Defendants reserve the right to assert any additional affirmative defenses they may have which cannot now be articulated due to the Plaintiff's failure to particularize his claims, because the Verified Complaint is vague and uncertain and/or due to Plaintiff's failure to provide more specific information concerning the nature of the claims. Upon further particularization of the claims by Plaintiff, or upon discovery of further information concerning the instant claims, answering Defendants reserve the right to assert additional defenses.

**AS AND FOR ITS FIRST CROSS-CLAIM AGAINST SONTAG & HYMAN, P.C. and MARC H. HYMAN**

152.     If the Answering Defendants suffer any damages or losses as a result of the facts alleged in the Complaint, since such damages were not due to any wrongful negligence or fault on the part of the Answering Defendants but rather were due, in whole, to the wrong actions and/or inactions, fault or negligence of codefendants Sontag & Hyman, P.C. and Marc H. Hyman ("Co-Defendants"), Answering Defendants are entitled to recover any such damages and losses from the Co-Defendants.

153.     If Answering Defendants are held liable for any of the damages or losses claimed by Plaintiff, then Answering Defendants are entitled to indemnification, in whole, from the Co-Defendants, of any judgment obtained on the basis that such damages or losses as a result of the Complaint were due to the wrongful actions or inactions, fault or negligence of the Co-Defendants.

**WHEREFORE**, Answering Defendants respectfully demands Judgment:

(1) dismissing the Complaint;

(2) granting Answering Defendants the relief requested in its Cross-Claim;

 (3) awarding Answering Defendants their costs, disbursements and reasonable attorneys' fees in connection with its defense in this matter; and

(4) granting Answering Defendants such other relief as this Court deems just and proper.

Dated: Lynbrook, New York
        July 3, 2025

**Port & Sava**

By: _____

George S. Sava, Esq.
*Attorney(s) for the Defendants*
*EAST HARLEM MEC PARCEL C*
*L.P., EAST HARLEM MEC PARCEL*
*C HOUSING FUND*
*DEVELOPMENT CORPORATION,*
*and RICHMAN PROPERTY*
*SERVICES, INC*
303 Merrick Road, Suite 212
Lynbrook, New York 11563
(516) 352-2999
george@portandsava.com

## CERTIFICATE OF SERVICE

I certify that on July 3, 2025, I electronically filed the foregoing document and that the document is available for viewing and downloading from the Court's CM/ECF system, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system. I further certify that on July 3, 2025, a copy of the foregoing document was mailed via U.S. Mail to the entity listed below:

**METRO 125, INC.**
**C/O The Corporation**
**118 WEST 125TH STREET**
**NEW YORK, NY 10027**

Answering Defendants' counsel has also delivered a copy of the foregoing document to counsel's process server for personal service upon Defendant Metro 125, Inc. Once service is complete, an affidavit of service will be uploaded to the CM/ECF system.


Dated: Lynbrook, New York
      July 3, 2025

**Port & Sava**

By: _____
George S. Sava, Esq.
*Attorney(s) for the Defendants*
*EAST HARLEM MEC PARCEL C*
*L.P., EAST HARLEM MEC PARCEL*
*C HOUSING FUND*
*DEVELOPMENT CORPORATION,*
*and RICHMAN PROPERTY*
*SERVICES, INC*
303 Merrick Road, Suite 212
Lynbrook, New York 11563
(516) 352-2999
george@portandsava.com