*Revised July 2023*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------- X
                                                         :
                                                         :
PERPETUAL ASHARE,                                        :    CIVIL ACTION NO.: 1:25-cv-02834-GHW-KHP
                            Plaintiff,                   :
                                                         :
against                                                  :
                                                         :
                                                         :
SONTAG & HYMAN, P.C., MARC H. HYMAN,                     :
EAST HARLEM MEC PARCEL C L.P., EAST                      :
HARLEM MEC PARCEL C HOUSING FUND                         :
DEVELOPMENT CORPORATION, METRO 125,                      :
INC., and RICHMAN PROPERTY SERVICES, INC.,               :
                            Defendants.                  :
                                                         :
-------------------------------------------------------- X
```

## PROPOSED CASE MANAGEMENT PLAN AND REPORT OF RULE 26(f) MEETING

**Court Expectations**

**Rule 1 and Rule 26(b)(1).** Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

**Additional consideration of proportionality.** Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

**Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

**Competence**. Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

Counsel are directed to the Model Confidentiality Stipulation and Order and Discussion Topics for Rule 26(f) Conference on Judge Parker's Individual Practices Page.

Counsel represent by their signature below that they have read and will comply with the above.

*Revised July 2023*

**Proposed Discovery Plan**

**In accordance with Federal Rule of Civil Procedure 26(f) and Judge Parker's Individual Rules, the parties met on** June 20, 2025 (at least one week before the Initial Case Management Conference) and are exchanging communications thereafter. At least one week before the Initial Case Management Conference, the parties submit the following report for the Court's consideration:

2.   **Summary of Claims, Defenses, and Relevant Issues**

Plaintiff:  Alleges violations of the FDCPA, New York General Business Law 349, and Judiciary Law 487 as well as negligence and gross negligence arising from Defendants' litigation to collect rent on a building without a valid certificate of occupancy in violation of a statutory bar

Defendant:
Defendants alleged actions are not violative of the FDCPA, GBL 349, or Judiciary Law 487. Plaintiff is also unable to substantiate alleged claims for negligence or gross negligence. Plaintiff's alleged claims are barred by the applicable statute of limitations. Plaintiff's complaint fails to state a claim upon which relief can be granted. Defendants also maintain that Plaintiff has no damages.

3.   **Basis of Subject Matter Jurisdiction:** Fair Debt Collection Practices Act as to Sontag & Hyman and Marc Hyman, supplemental jurisdiction as to other defendants

*Revised July 2023*

4. **Subjects on Which Discovery May Be Needed**

   <u>Plaintiff(s):</u> Information on the building's certificate of occupancy status and attorney and landlord defendants' knowledge thereof; why were defendants filing rent suits and collecting rent during the time there was a statutory bar to collection? Why have landlord defendants apparently not obtained a certificate of occupancy for 10 years?

   _____
   _____

   <u>Defendant(s):</u>
   All information, including all documentation, regarding all communication between the Plaintiff and any NYC programs, agencies, or not-for-profits regarding rental assistance regarding Plaintiff's lease at issue since start of the Plaintiff's tenancy in 2012. Information regarding Plaintiff's alleged damages.
   _____
   _____
   _____

5. **Informal Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was ***disclosed by Plaintiff(s)*** on July 7, 2025. In addition, on August 7, 2025, Plaintiff(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was ***disclosed by Defendant(s)*** on July 7, 2025. In addition, on August 7, 2025, Defendant(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

6. **Formal Discovery**

   The parties jointly propose to the Court the following discovery plan:

   All fact discovery must be completed by January 12, 2026.

   ***The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in 3(a) above.***

    a.    <u>Depositions</u>: Depositions shall be completed by January 12, 2026 and limited to no more than 10 depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    b.    <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before August 7, 2025. All subsequent interrogatories must be served no later than 30 days prior to the discovery deadline.

    c.    <u>Requests for Admission</u>: Requests for admission must be served on or before December 5, 2025.

    d.    <u>Requests for Production</u>: Initial requests for production were/will be exchanged on August 7, 2025 and responses shall be due 30 days after service. All subsequent requests for production must be served no later than 30 days prior to the discovery deadline.

    e.    <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

7. **Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe.

<u>It is too early to determine at this time whether discovery disputes are anticipated, except there is a discovery dispute as to matters discussed in item 11(c).</u>

8. **Amendments to Pleadings**

    a.    Are there any amendments to pleadings anticipated? Unknown at this time

    b.    Last date to amend the Complaint: October 8, 2025

*Revised July 2023*

9. **Joinder of Parties**

    a. Are there other necessary parties that need to be joined? None known at this time.

    b. Is joinder of other parties anticipated? Unknown at this time.

    c. Last date to join other parties: October 8, 2025

10. **Expert Witness Disclosures**

At this time, the parties **do**/~~do not (circle one)~~ anticipate utilizing experts. Expert discovery shall be completed by July 10, 2026.

11. **Electronic Discovery and Preservation of Documents and Information**

    a. Have the parties discussed electronic discovery? Yes.

    b. Is there an electronic discovery protocol in place? If not, when the parties except to have one in place? The parties disagree.

    c. Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference?

    Plaintiff requests that emails be produced in their native electronic format (gathered and emailed as attachments, with metadata, BCCs, etc. preserved); if specific emails raise concerns as to privilege we can confer as to those specific emails, which would need to be addressed in a privilege log. The parties have conferred regarding this issue and Defendants object to Plaintiff's request; the parties are at an impasse regarding this issue.

12. **Anticipated Motions**

    Motion to dismiss by Sontag & Hyman and Marc Hyman, motions for summary judgment after the close of fact discovery

13. **Early Settlement or Resolution**

The parties **have**/~~have not (circle one)~~ discussed the possibility of settlement.

The parties will seek a referral to mediation or an agreement to a private mediator by no later than February 9, 2026.

Plaintiff's counsel maintains that the information noted in item 4 is needed, especially as intent and knowledge is an issue for mandatory treble damages for Judiciary Law and possible punitive damages for gross negligence, and to apportion liability among the defendants for settlement purposes. If defendants promptly and fully provide this information, plaintiff would want to proceed expeditiously to mediation with a mediator to be agreed to by the parties or a referral to the SDNY mediation program.

*Revised July 2023*

The following information is needed before settlement can be discussed:

Plaintiff's position is that more information regarding the certificate of occupancy is required to determine Plaintiff's damages and proceed to settlement discussions. Defendants maintain that settlement discussions can take place now and not doing so needlessly increases attorney's fees.

14. **Trial**

    a. The parties anticipate that this case will be ready for trial by October 8, 2026.

    b. The parties anticipate that the trial of this case will require 5 days.

    c. The parties request a **jury** trial.

    d. The parties **do not consent** to Magistrate Judge jurisdiction at this time.

15. **Other Matters**:

    The Attorney Defendants intend to orally request at the initial conference a stay of discovery until there is a ruling on their forthcoming motion to dismiss, but will not file an application for the same. Plaintiff objects to consideration of an oral application absent a written application to the court to which Plaintiff may file a written opposition.

**The parties are advised that they may consent to Magistrate Judge jurisdiction at any time during the case pursuant to 28 USC § 636(c). To consent to Magistrate Judge jurisdiction for all purposes or specific dispositive motions, please utilize the consent form on Judge Parker's Individual Practices Webpage.**

Respectfully submitted this 7th day of July, 2025. **See attached signature page.**

Plaintiff PERPETUAL ASHARE

By: _____/s/_____    Date: July 7, 2025
    Ahmad Keshavarz
    The Law Office of Ahmad Keshavarz
    One of Plaintiff's Counsels


Defendants SONTAG & HYMAN, P.C. and MARC H. HYMAN


By: _____/s/_____    Date: July 7, 2025
    Matthew Flanagan
    Marshall Dennehey Warner Coleman and Goggin


Defendants EAST HARLEM MEC PARCEL C, L.P., EAST HARLEM MEC PARCEL C HOUSING FUND DEVELOPMENT CORPORATION, and RICHMAN PROPERTY SERVICES, INC.


By: _____/s/_____    Date: July 7, 2025
    George Sava
    Port and Sava