**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
PERPETUAL ASHARE,

                                Plaintiff,                  **25-CV-2834 (GHW) (KHP)**

             -against-                      **INITIAL CASE MANAGEMENT**
                                                                    **CONFERENCE ORDER**

SONTAG & HYMAN, P.C., et al.,

                                Defendants.
------------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

On July 10, 2025, at 2:00 p.m., the parties appeared for an Initial Case Management Conference before the undersigned. After review of the pleadings and consultation with the parties, the following Scheduling Order is entered pursuant to Rule 16 of the Federal Rules of Civil Procedure:

**Pleadings, Parties, and Motions.** The parties shall have until **October 8, 2025** to amend the pleadings and join parties. No further amendments or joinder of parties thereafter absent good cause.

**Motions to dismiss.** Defendants' contemplated motions to dismiss shall be due by **August 11, 2025**. Opposition shall be due by **September 10, 2025**. Reply shall be due by **September 24, 2025**.

**Discovery.** The Court adopts the parties' proposed discovery schedule filed as ECF No. 56, except as specifically modified as follows:

- Fact discovery by **January 12, 2026**.

- Affirmative expert reports by **February 11, 2026**.

- Rebuttal expert reports by **March 13, 2026**.

- Expert depositions and close of all discovery by **April 12, 2026**.

- Summary judgment motions by **May 12, 2026**.

**Discovery Disputes.** The parties shall follow the Court's Individual Procedures with respect to any discovery disputes. *See* https://nysd.uscourts.gov/hon-katharine-h-parker.

**Rule 1 and Rule 26(b)(1).** Counsel shall comply with Rule 1 and Rule 26(b)(1) in the conduct of discovery.

**Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses. A failure to comply with this responsibility carries serious consequences. Requests for any and all documents on a broad topic are presumptively improper. Likewise, courts have held that an objection that does not appropriately explain its grounds is forfeited. See, e.g., Wesley Corp. v. Zoom T.V. Prods., LLC, No. 17-100212018, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018); Fischer v. Forrest, No. 14 Civ. 01304 (PAE) (AJP), 2017 WL 773694 (S.D.N.Y. Feb. 28, 2017) ("[A]ny discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections (except as to privilege).").

**Status Letter.** In lieu of scheduling a case management conference, the parties shall provide a status letter update by **August 30, 2025**.

**Settlement Conference.** A settlement conference is scheduled for **September 15, 2025, at 2:00 p.m.** in Courtroom 17D, 500 Pearl Street, New York, New York. Parties must attend in-person with their counsel. Corporate parties must send the person with decision making authority to settle the matter to the conference. If the parties are unavailable for this date for any reason, they shall file a letter with the Court by **July 17, 2025.** The parties are instructed to complete the Settlement Conference Summary Report and prepare pre-conference submissions in accordance with my Individual Rules of Practice. Pre-conference submissions must be received by the Court no later than **September 8, 2025,** by 5:00 p.m.

**Consent.** The parties are reminded that they have the option to consent to conduct all proceedings, including a trial, before the undersigned pursuant to 28 U.S.C. § 636(c). If all parties consent, they shall complete and file the Consent form available on the Court's website at http://nysd.uscourts.gov/file/forms/consent-to-proceed-before-us-magistrate-judge. This Order is not meant to interfere in any way with the parties' absolute right to have dispositive motions and/or a trial before a United States District Judge, but is merely an attempt at preserving scarce judicial resources and reminding the parties of their option pursuant to 28 U.S.C. § 636(c).

**SO ORDERED.**

DATED:   New York, New York
         July 10, 2025

_____
KATHARINE H. PARKER
United States Magistrate Judge