CIVIL COURT OF THE CITY OF NEW YORK1
COUNTY OF NY: HOUSING PART G
-------------------------------------------------------- X
ORMONDE EQUITIES LLC
                Petitioner,

-against-

SUZANNE JACOBY
                Respondent.
-------------------------------------------------------- X

Index No. LT-303005-20/NY

DECISION/ORDER

Present:    Hon. Daniele Chinea
               Judge, Housing Court

Recitation, as required by CPLR 2219(A), of the papers considered in the review of Respondent's Motion to dismiss pursuant to CPLR §3211(a)(1) & (7) or, alternatively, to amend the answer pursuant to CPLR §3025(b); and Petitioner's cross-motion to amend the Petition through September 2022:

| PAPERS | NYSCEF NUMBER |
|---|---|
| Notice of Motion & Affirmation/Affidavits (seq 1) | 10-25 |
| Notice of Cross-Motion & Affirmation/Affidavits (seq 2) | 27-33 |
| Replying Affirmation/Affidavit (seq 1) | 34-37 |
| Replying Affirmation/Affidavit (seq 2) | 38-39 |
| Respondent's Supplemental Submission (seq 1) | 42-44 |
| Petitioner's Supplemental Submission (seq 1) | 45-49 |

Upon the foregoing cited papers, the Decision/Order in these Motions is as follows: Respondent's motion to dismiss is GRANTED; Petitioner's motion to amend is DENIED as moot.

      Petitioner commenced this non-payment proceeding October 2, 2020 as against Respondent alleging rent arrears in the amount of $3135.99 owed through August 2022 at a monthly rate of $704.96. Respondent answered by counsel on December 28, 2020 raising various defenses and affirmative defenses. Respondent's Fourth Defense alleges that the Premises lacks a valid Certificate of Occupancy (COO) in violation of Multiple Dwelling Law (MDL) §301 and, therefore, Petitioner is barred from commencing a proceeding for the collection of rent pursuant to MDL§302(1)(b) (the "Fourth Defense").

      On August 23, 2022, Respondent made the instant motion seeking to dismiss the proceeding pursuant to CPLR §3211(a)(7) on multiple grounds, including the Fourth Defense. As the Court makes its decision based upon this defense, it will not reach the balance of Respondent's motion.

      Respondent argues that Petitioner's last temporary Certificate of Occupancy expired on 10/17/2007 (NYSCEF 17). The New York City Department of Buildings (DOB) has issued an Environmental

Control Board (ECB) violation for the lack of a valid certificate of occupancy (NYSCEF 18). On November 3, 2022, ECB/OATH held a hearing. It found Petitioner in violation and issued a fine (NYSCEF 43 & 44).

In opposition to dismissal, Petitioner argues that it does have a valid COO for the residential units of the building, issued in 1980 (NYSCEF 46)[1] They base their argument on the fact that the alteration requiring a new COO is occurring in the cellar and on the first and second floors, Respondent lives on the third floor. They submit an architect's letter issued November 8, 2022 stating the COO from 1980 remains "active for residential apartments on the 3rd thru 12th floors at this time." (NYSCEF 48)

MDL §301(1) states "[n]o multiple dwelling shall be occupied in whole or in part until the issuance of a certificate by the department that said dwelling conforms in all respects to the requirements of this chapter, to the building code and rules and to all other applicable law." *Multiple Dwelling Law § 301* MDL §302(1) states: "a. If any dwelling or structure be occupied in whole or in part for human habitation in violation of section three hundred one, during such unlawful occupation […]. b No rent shall be recovered by the owner of such premises for said period, and no action or special proceeding shall be maintained therefor, or for possession of said premises for nonpayment of such rent […]." *Multiple Dwelling Law § 302*

The ECB violation specifies, "ALTERED/CHANGED BUILDING OCCUPIED WITHOUT A VALID CERTIFICATE OF OCCUPANCY." The MDL does not limit illegal occupancy to those portions of the building undergoing alteration. A COO describes the occupancy of an entire building. Without a COO, any occupancy is illegal. The consequence of illegal occupancy is that Petitioner is prohibited from maintaining this proceeding or collecting rent. *58 East 130th Street LLC v Mouton, 25 Misc3d 509, 511-512 (Civ Ct, NY Cty 7/21/2009).*

Based upon the foregoing, Respondent's motion to dismiss is granted and the Petition is dismissed. A copy of this Order will be uploaded to NYSCEF.

DATED: November 18, 2022

SO ORDERED

_____
Hon. Daniele Chinea, JHC

---

[1] Petitioner initially pointed to the initial COO for the premises as proof of a valid COO. That COO was also no longer valid, as it describes the premises as a Class B multiple dwelling (NYSCEF 33). The Court accepts the later filed COO showing the Class A apartments currently in existence (NYSCEF 46) after a review of the DOB BIS website, of which the Court may take judicial notice.