# PRELIMINARY STATEMENT

In the opening brief, Appellant/Landlord maintained that the Trial Court committed reversible error in finding, on this bereft record, that the Building lacked a valid certificate of occupancy. Appellant argued that: (1) the previously issued final certificate of occupancy for the Building remained in effect and was not revoked; (2) the Tenant did not adequately prove by expert testimony or someone with personal knowledge of the facts that the previously issued certificate of occupancy was revoked and/or not in effect; (3) no violation was issued against the Building as a result of the Landlord's desire to amend the use of the commercial space on a different floor of the Building; (4) no violation issued against the Building, or any part thereof, for being occupied in violation of the certificate of occupancy; (5) Tenant did not raise, allege, produce or demonstrate that amending the use of the commercial premises, located on a different floor, would adversely affect the habitability of the Building, was a threat to Mr. Smalls, or to the other tenants in the building, or to their life, health or safety, or that they were prejudiced, or that their occupancy was otherwise not criminal or illegal; and (6) Tenant did not tender sufficient evidence to demonstrate the absence of any material issues of fact, thus failing to make a prima facia showing of entitlement to judgment as a matter of law. Further, in concluding that there was no certificate of occupancy, Tenant, by his attorney' affirmation, merely relied on an expired temporary certificate of occupancy for the amended use of the commercial premises and nothing more.

Each of the cases relied on by the Tenant and the Trial Court are distinguishable. In those cases, it was undisputed that either there was no certificate of occupancy for the building, or that there was a finding that the building required a certificate of occupancy, or that a violation issued against the building requiring the issuance of a certificate of occupancy, all facts not present here.

Appellant however has more than adequately shown, with authority from this Court and higher appellate courts, that there were issues of fact and no basis to grant summary judgment. Further, even if there was a change in use of the original certificate of occupancy to the commercial premises, on these facts and record, it was premature for the Trial Court to have summarily found that the rent forfeiture provision of the MDL applies. Therefore, the order granting Tenant's summary judgment motion to dismiss should have been denied and the decision and order of the Trial Court must be reversed.

## POINT I

### THE PROCEEDING WAS NOT RIPE FOR SUMMARY DISMISSAL IN LIGHT OF TENANT'S FAILURE TO ESTABLISH AS A MATTER OF LAW THE BUILDING LACKED A CERTIFICATE OF OCCUPANCY

In support of Tenant's summary judgment motion, Tenant merely submitted an affirmation from Tenant's attorney, and nothing more.

It is well settled that the submission of a hearsay affirmation by counsel alone does not satisfy the requirement that a motion be supported by admissible evidence by someone with knowledge of the facts. See, Zuckerman vs. New York, 49 N.Y.2d 557, 427 N.Y.S.2d 595, 404 N.E.2d 718 (Court of Appeals 1980); Thelen LLP vs. Omni Contracting Co., Inc., 2010 NY Slip Op 9404, 79 A.D.3d 605, 606, 914 N.Y.S.2d 119 (App. Div.1st Dept. 2010), *leave denied*, 2011 NY Slip Op 86874, 17 N.Y.3d 713, 933 N.Y.S.2d 653, 957 N.E.2d 1157 (Court of Appeals 2011) (attorney affirmation is "without probative value for [the attorney] apparently ha[d] no personal knowledge of the facts."); Trawally vs. E. Clarke Realty Corp., 2012 NY Slip Op 898, 92 A.D.3d 471, 937 N.Y.S.2d 851 (App. Div. 1st Dept. 2012) (Defendants' purported showing of a meritorious defense was insufficient because it was based on the affirmation of an attorney who had no personal knowledge of the facts alleged); Zecca vs. Riccardelli, 293 A.D.2d 31, 33-34, 742 N.Y.S.2d 76, 2002

N.Y. App. Div. LEXIS 4173 (App. Div. 2nd Dept. 2002) (Basic summary judgment principles have long held that it is the movant's burden to present evidence demonstrating his or her prima facie entitlement to judgment as a matter of law. Accordingly, if the movant does not submit sufficient evidence on a particular issue or cause of action to justify judgment as a matter of law, the burden never shifts to the adversary to submit evidence sufficient to raise a triable issue of fact.); CPLR §3212(b).

It is also well settled that summary judgment is a drastic remedy and is not granted when there is any doubt as to the existence of material and triable issues of fact. CPLR 3212 (b); Nicholas Di Menna & Sons, Inc. vs. New York, 301 N.Y. 118, 92 N.E.2d 918, 1950 N.Y. LEXIS 821 (Court of Appeals 1950); Sillman vs. Twentieth Century-Fox Film Corp., 165 N.Y.S.2d 498 (Court of Appeals 1957). In order to prevail on a motion for summary judgment, the movant must make a prima facie showing of entitlement to judgment as a matter of law by providing sufficient evidence to eliminate any material issues of fact. Winegrad vs. New York University Medical Center, 64 NY2d 851, 853, 476 N.E.2d 642, 487 NYS2d 316 (1985); Alvarez v. Prospect Hosp., 68 N.Y.2d 320, 324, 501 N.E.2d 572, 508 N.Y.S.2d 923 (1986). Indeed, the movant has the burden to set forth evidentiary facts to establish its cause sufficiently to be entitled to judgment as a matter of law. Friends of Animals, Inc. vs. Associated Fur Mfrs., Inc., 46 N.Y.2d 1065, 390 N.E.2d 298, 416 N.Y.S2d 790 (1979). An opponent to a motion for summary judgment need only show that a triable issue of fact exists and not to prove its merits. See, Sillman vs. Twentieth Century-Fox Film Corp., supra.

Here, the Tenant's attorney did not establish herself as an expert in this field, or that she had personal knowledge that the certificate of occupancy was revoked and/or no longer in effect. Further, none of the documentation submitted by the Tenant conclusively showed that the

final certificate of occupancy was actually revoked or that said final certificate of occupancy for the residential floors was actually revoked or no longer in effect. The self-serving conclusory statements proffered by Tenant's attorney are unavailing and have no weight. The fact that a temporary certificate of occupancy was issued pertaining to the alterations to the commercial premises and that said temporary certificate expired, is of no significance to this case (or to the residential floors). Additionally, Tenant failed to submit documentation or an affidavit from an expert that the issuance and/or expiration of the temporary certificate of occupancy vitiated the original final certificate of occupancy, let alone for the residential floors.

Indeed, Tenant never disputed the fact that no violation was issued against the Building, or any part thereof, for being out of compliance with the final certificate of occupancy, or that the amendment to the use of the commercial premises located on a different floor adversely affected the habitability of the Building, that it rendered Tenant's occupancy of the Premises as unlawful, was a threat to Mr. Smalls, or to the other tenants in the building, or to their life, health or safety, or that they were prejudiced, or that their occupancy was otherwise criminal or illegal.

The Trial Court was required to, and failed to, take these relevant facts into consideration. See, Toure vs. Avis Rent a Car Sys., 98 N.Y.2d 345, 774 N.E.2d 1197, 746 N.Y.S.2d 865, 2002 N.Y. LEXIS 1994 (Court of Appeals 2002) (Considered in the light most favorable to plaintiff, this evidence was sufficient to defeat defendants' motion for summary judgment). Without question, any one of the aforementioned issues raised by Appellant would have been sufficient to defeat summary judgment. The Trial Court failed to view these issues in the light most favorable to the Landlord. See, 366 Audubon Holding, LCC vs. Morel, 22 Misc.3d 1108(A), 880 N.Y.S.2d 227, 2008 N.Y. Misc. LEXIS 7332***, 14, 2008 NY Slip Op 52615(U)

(Supreme Court NY County 2008) ("True, this piece of evidence is exceedingly slim, but this court must view same in the light most favorable to the opponent of a summary judgment motion.").

Faced with a myriad of unresolved issues of fact, in addition to failing to take into consideration the exceptions to the harsh rent forfeiture provision, the Trial Court should have denied summary judgment

## POINT II

## THE AUTHORITY TENANT RELIES ON IS DISTINCTLY DISTINGUISHABLE AND IS MISPLACED

The Trial Court misapplied the controlling principal of law. Specifically, as in the case at bar, when a building is issued a final certificate of occupancy and it is not revoked, when alterations are made to a commercial portion of a building that is located on a floor different than the residential units, and no violation was issued for illegal occupancy as a result of the alterations, and the City did not make a finding that the building is being residentially occupied in violation of the certificate of occupancy as a result of the alterations, the tenants' life, health and safety is/are in no way threatened, the habitability of the building and occupation of the residential premises are not otherwise criminal or illegal as a result of the alterations, the Courts refused to impose MDL 302. This Court recognized this critical distinction. See, 24th St. Holding LLC vs. Martinez, 983 N.Y.S.2d 391, 43 Misc.3d 8, 2013 N.Y. Misc. LEXIS 5964, 2013 NY Slip Op 23440, 2013 WL 6800887 (App. Term 1st Dept. 2013).

Tenant solely relies on three cases, each plainly and critically distinct from the facts of this case and the record before the Court.

First, is Chazon, LLC vs. Maugenest, 19 N.Y.3d 410, 971 N.E.2d 852, 948 N.Y.S.2d 571, 2012 N.Y. LEXIS 1315, 2012 NY Slip Op 4373, 2012 WL 2031118 (Court of

5

Appeals 2012) where the court was faced with the fact that the owner of that loft building did not timely obtain a certificate of occupancy despite the mandated deadline to obtain one as outlined in MDL §284(1). Loft landlords were required to comply with the fire and safety provisions of Article 7-B of the Multiple Dwelling Law and take all steps to timely obtain a certificate of occupancy. There was no dispute that the loft building was not issued a certificate of occupancy, and the Court invoked MDL 302 rent forfeiture provision.

Tenant's reliance on the Court's statement that "[i]f that is an undesirable result, the problem is one to be addressed by the Legislature" is misplaced. In that instance, the Court completed a detailed analysis of the Loft Law and was solely referring to the provisions of the Loft Law [MDL §284(1)] when it applied MDL 302, and nothing more. Importantly, nowhere in the Chazon decision did the Court of Appeals reference or state that their finding applied to non-loft buildings or that the well-established precedent set by the many the non-Loft Law cases refusing to invoke the rent forfeiture provisions were nullified. In fact, this Court in 24th St. Holding LLC vs. Martinez, supra., which was decided after Chazon, recognized this distinction. Thus, the ruling in Chazon must be limited only to loft cases with those particular facts.

In Ormonde Equities LLC vs. Jacoby, 2023 N.Y. Misc. LEXIS 23249, 2023 NY Slip Op 51416(U), 2023 WL 8818471 (App. Term 1st Dept 2023) this Court was faced with a landlord who made substantial alterations to the residential portion of the building, was issued a violation for the building being residentially occupied in violation of the certificate of occupancy, and found by the City of New York, by its Office of Administrative Trials and Hearings, to be in violation for being occupied without a valid certificate of occupancy. Again, none of these facts are present in the case at bar.

6

This Court in <u>Ormonde</u> additionally stated that the landlord could not recover rent "even though tenant's apartment may not have been affected by the alteration/change underlying the violation." Such finding however must also be limited to those facts, where a violation is issued due to the unauthorized residential occupancy, and where a finding by the City is made that the building is out of compliance. Further, the <u>Ormonde</u> decision did not vitiate its prior finding in <u>24th St. Holding LLC vs. Martinez</u>, supra. or the other Appellate Court cases that refused to invoke the rent forfeiture provision where the alterations did not affect the subject premises, the tenant's life, health and safety was in no way threatened, and the tenant's occupancy was not illegal. See, <u>Hakim vs. Von Walstrom</u>, 604 N.Y.S.2d 733, 1993 N.Y. App. Div. LEXIS 10734, 198 A.D.2d 139 (App. Div. 1st Dept 1993) *for reasons stated by Spires, J., NYLJ, Jan. 31, 1991 at 27, col 5 [Civ Ct, NY County 1991] leave denied* 1994 N.Y. App. Div. LEXIS 1195; <u>Phillips & Huyler Assocs. vs. Flynn</u>, 225 A.D.2d 475, 640 N.Y.S.2d 26, 1996 N.Y. App. Div. LEXIS 3178 (App. Div. 1st Dept. 1996), *lv denied*, 1996 N.Y. App. Div. LEXIS 8484 (1996); <u>Coulston vs. Teliscope Productions, Ltd.</u>, 378 N.Y.S.2d 553, 554, 85 Misc.2d 339, 1975 N.Y. Misc. LEXIS 3301 (App. Term 1st Dept. 1975); <u>Arnav Indus., Inc. vs Pitari</u>, 82 A.D.3d 557, 918 N.Y.S.2d 479, 2011 N.Y. App. Div. LEXIS 1903, 2011 NY Slip Op 1945 (App. Div. 1st Dept. 2011), *lv dismissed* 19 N.Y.3d 1021, 976 N.E.2d 246, 951 N.Y.S2d 717 (2012).

Tenant's attempt to distinguish <u>24th St. Holding LLC</u>, <u>Hakim</u> and <u>Coulston</u> arguing that those buildings were built when no certificate of occupancy was required, is irrational, of no consequence, and flies in the face of Tenant's entire position. The Courts do not distinguish pre-certificate of occupancy requirement or post-requirement. The analysis as to the affect on the unit in question has always been the same. At all events, when there is no violation issued and the unit in question is not adversely affected, criminal or illegal, the Courts refused to strictly construe and apply

7

such a harsh penal statute in derogation of the common law and give the tenant a windfall. See, Phillips & Huyler Assocs. vs. Flynn, supra..

Here, since a final certificate of occupancy was issued confirming the Tenant's use of the Premises is legal, and which has not been revoked, it is somewhat disingenuous of Tenant to assert that the Building lacks a valid certificate of occupancy or that Tenant should be relieved of his contractual responsibilities and obligations under the lease in having to pay rent.

Tenant last relies on 58 E. 130th St. LLC vs. Mouton, 884 N.Y.S.2d 627, 25 Misc. 3d 509, 2009 N.Y. Misc. LEXIS 1880, 2009 NY Slip Op 29309, 242 N.Y.L.J. 20 (Civ. Court NY County 2009), a lower court decision, where the DOB revoked a previously issued certificate of occupancy. The tenant was residing in an unlawful apartment in the basement leading to the issuance of a violation.

## POINT III

## THE SECTIONS OF THE MDL AND THE ADMINISTRATIVE CODE RELIED ON BY TENANT AND THE TRIAL COURT WERE MISINTERPRETED AND ARE NOT APPLICABLE HERE

MDL §301 (1) states in pertinent part:

> No multiple dwelling shall be occupied in whole or in part until the issuance of a certificate by the department that said dwelling conforms in all respects to the requirements of this chapter, to the building code and rules and to all other applicable law ….

NYC Administrative Code §28-118.3.1 states:

> **§ 28-118.3.1 Change of occupancy or use.** No building, open lot or portion thereof hereafter altered so as to change from one occupancy group to another, or from one zoning use group to another, either in whole or in part, shall be occupied or used unless and until the commissioner has issued a certificate of occupancy certifying that the alteration

8

work for which the permit was issued has been completed substantially in accordance with the approved construction documents and the provisions of this code and other applicable laws and rules for the new occupancy or use.

NYC Administrative Code §28-118.3.2 states:

**§28-118.3.2 Changes inconsistent with existing certificate of occupancy.** No change shall be made to a building, open lot or portion thereof inconsistent with the last issued certificate of occupancy or, where applicable, inconsistent with the last issued certificate of completion for such building or open lot or which would bring it under some special provision of this code or other applicable laws or rules, unless and until the commissioner has issued a new or amended certificate of occupancy.

The Building having been issued a final certificate of occupancy satisfies MDL §301 (1).

Tenant and the Trial Court misinterpreted in intent of NYC Administrative Code §28-118.3.1 and NYC Administrative Code §28-118.3.2. "The statutory text is the clearest indicator of legislative intent and courts should construe unambiguous language to give effect to its plain meaning." Matter of DaimlerChrysler Corp. vs. Spitzer, 7 N.Y.3d 653, 660, 860 N.E2d 705, 827 N.Y.S.2d 88 (Court of Appeals 2006).

A clear reading of NYC Administrative Code §28-118.3.1 or NYC Administrative Code §28-118.3.2 shows that these regulations pertain to occupancy of the actual space that was altered, and not to the other portions of the building or open lot. If the entire building was the subject of the alteration, then these regulations would apply to the entire building and a new certificate of occupancy would be required for the entire building. Since only the commercial space on the 2nd floor of the Building was the subject of the alteration, then only that commercial tenant may have an argument that it did not have to pay rent until the certificate of occupancy was amended to reflect the altered use, not a residential tenant located on another floor where a final

9

certificate of occupancy was issued approving the residential use. In fact, §28-118.3.1 specifically references the particular space as "hereafter altered" and references "the alteration work for which the permit was issued." The statute does not state that a previously issued final certificate of occupancy is vitiated, or that the final certificate of occupancy to the areas in the building not affected by the alteration are out of compliance while the alteration is ongoing or after the alteration is completed.

Thus, the Landlord is not in violation of either of these statutes. To interpret these statutes in any other manner would lead to an absurd and harsh result. Cf., Chatsworth 72nd St. Corp. vs. Rigai, 71 Misc.2d, 647, 651-652, 336 NYS2d 604 [1972], affd 74 Misc.2d 298, 345 N.Y.S.2d 355 [1973], affd 43 A.D.2d 685, 351 NYS2d 636 [1973], affd on the opinion of Shainswit, J., 35 N.Y.2d 984, 324 N.E.2d 888, 365 N.Y.S.2d 531 (Court of Appeals 1975). This is especially so here where the Building was issued a final certificate of occupancy legalizing the upper floors for residential use.

Even if the Building is in need of a newly issued certificate of occupancy due to the alteration of the commercial premises located on a different floor, the findings by the Appellate Courts refusing to invoke this windfall to tenants in the exact situation must be followed.

## CONCLUSION

For the reasons set forth herein, it is respectfully submitted the decision of the trial court should be reversed, the Tenant's motion for summary judgment denied, and the Petition reinstated.

Dated: Roslyn Heights, New York
      February 5, 2024

                              Respectfully submitted,
                              SONTAG & HYMAN, P.C.
                              Attorneys for Petitioner-Appellant
                              165 Roslyn Road
                              Roslyn Heights, New York 11577
                              (516) 621-0600

                            By: _____
                                    Marc H. Hyman, Esq.

11