# Supreme Court of the State of New York
## Appellate Division: Second Judicial Department

D79052
M/sa

_____AD3d_____                                        Argued - March 10, 2025

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

───────────────────────────────

2022-03787                                             DECISION & ORDER

Luisa Calixto, appellant, v A. Balsamo & Rosenblatt,
P.C., et al., respondents.

(Index No. 506969/21)

───────────────────────────────

Ahmad Keshavarz (Camba Legal Services, Inc., Brooklyn, NY [Divya Subrahmanyam and Emma Caterine], of counsel), for appellant.

In an action, inter alia, to recover damages for a violation of General Business Law § 349, the plaintiff appeals from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated April 6, 2022. The order granted the separate motions of the defendants 266 Realty NY, LLC, Heung Sang Tam, and Justice McAllister and the defendants A. Balsamo & Rosenblatt, P.C., Balsamo, Rosenblatt & Hall, P.C., Robert Rosenblatt, Edward Hall, and Serenay Taysin pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them.

ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting those branches of the motion of the defendants 266 Realty NY, LLC, Heung Sang Tam, and Justice McAllister which were pursuant to CPLR 3211(a) to dismiss the first and fourth causes of action insofar as asserted against them, and substituting therefor a provision denying those branches of the motion, and (2) by deleting the provision thereof granting those branches of the motion of the defendants A. Balsamo & Rosenblatt, P.C., Balsamo, Rosenblatt & Hall, P.C., Robert Rosenblatt, Edward Hall, and Serenay Taysin which were pursuant to CPLR 3211(a) to dismiss the first and fourth causes of action insofar as asserted against them and the second cause of action, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, with one bill of costs to the plaintiff.

The plaintiff was a resident of an apartment in a building located in Brooklyn. The building was managed by the defendant Justice McAllister and claimed to be owned by the

December 3, 2025                                        Page 1.
CALIXTO v A. BALSAMO & ROSENBLATT, P.C.

defendants 266 Realty NY, LLC (hereinafter 266 Realty), and Heung Sang Tam (hereinafter collectively the building defendants). The plaintiff paid her rent directly to Heung Sang Tam, and the building defendants claimed that the apartment was rent stabilized, although there was no written lease for the apartment, and the plaintiff allegedly was never informed that the apartment was rent stabilized.

According to the plaintiff, over the course of her tenancy, defects in the apartment developed that Heung Sang Tam refused to repair. In March 2017, the plaintiff began to withhold her rent payments, with the intent to pay once the repairs were made. The plaintiff received a five-day notice dated August 21, 2017, from the defendant A. Balsamo & Rosenblatt, P.C. (hereinafter A. Balsamo), on behalf of 266 Realty, stating that the plaintiff was indebted to 266 Realty for her failure to pay rent. On or about September 13, 2017, A. Balsamo commenced a nonpayment proceeding on behalf of 266 Realty against the plaintiff, seeking to recover rent arrears in an amount significantly more than what the plaintiff withheld and a warrant of eviction. In response, the plaintiff paid the amount of rent she had withheld, but the nonpayment proceeding continued.

Thereafter, the plaintiff's attorney obtained records indicating that the building was not registered with the New York City Department of Housing Preservation and Development and had not been registered with the New York State Division of Homes and Community Renewal since at least 1984. The plaintiff's attorney additionally discovered that A. Balsamo and the defendants Balsamo, Rosenblatt & Hall, P.C., Robert Rosenblatt, Edward Hall, and Serenay Taysin (hereinafter collectively the attorney defendants), on behalf of the building defendants, commenced similar proceedings against various tenants. In the nonpayment proceeding, in an order dated February 16, 2018, the Civil Court of the City of New York granted dismissal of the proceeding on the ground that the building was not registered and, thus, the Multiple Dwelling Law prohibited 266 Realty from collecting any rent from the plaintiff.

In March 2021, the plaintiff commenced this action, asserting causes of action alleging a violation of General Business Law § 349 (first cause of action), negligence per se (third cause of action), and gross negligence (fourth cause of action) against the defendants, and a cause of action alleging a violation of Judiciary Law § 487 (second cause of action) against the attorney defendants. The building defendants and the attorney defendants separately moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them. In an order dated April 6, 2022, the Supreme Court granted the separate motions. The plaintiff appeals.

In deciding a motion to dismiss pursuant to CPLR 3211(a)(7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88).

Pursuant to General Business Law § 349(a), "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful." To establish a cause of action under General Business Law § 349, a plaintiff must allege that (1) the defendant's conduct was consumer-oriented, (2) the defendant's act or practice was deceptive or misleading in a material way, and (3) the plaintiff suffered an injury as a

result of the deception (*see id.* § 349[h]; *Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., Inc.*, 37 NY3d 169, 176; *Abraham v Torati*, 219 AD3d 1275, 1280).

At the outset, the plaintiff's contention that the Supreme Court improperly created a categorical exclusion under General Business Law § 349 is without merit.

However, here, the General Business Law § 349 cause of action alleged that the defendants engaged in deceptive conduct by attempting to evict tenants by suing them for significantly more than the amount owed and misrepresenting the amount owed to the court. Furthermore, the complaint alleged that the plaintiff spent time and money defending against the frivolous nonpayment proceeding and that she suffered emotional distress from the prospect of being evicted from her apartment. Those allegations, liberally construed, sufficiently pleaded deceptive conduct that was consumer-oriented, resulting in damages (*see HSBC Bank USA, N.A. v Lien Thi Ngo*, 197 AD3d 1102, 1104). Accordingly, the Supreme Court should have denied those branches of the separate motions of the building defendants and the attorney defendants which were to dismiss the first cause of action, alleging a violation of General Business Law § 349, insofar as asserted against each of them.

"To constitute gross negligence, a party's conduct must smack of intentional wrongdoing or evince a reckless indifference to the rights of others" (*Ryan v IM Kapco, Inc.*, 88 AD3d 682, 683 [alterations and internal quotation marks omitted]). "Stated differently, a party is grossly negligent when it fails to exercise even slight care . . . or slight diligence" (*id.* [internal quotation marks omitted]; *see Goldstein v Carnell Assoc., Inc.*, 74 AD3d 745, 747). Ordinarily, the question of gross negligence is a matter to be determined by the trier of fact (*see Food Pageant v Consolidated Edison Co.*, 54 NY2d 167, 172-173).

Here, the complaint alleged that if the defendants had exercised even the slightest amount of due diligence, they would have realized that the amount they were seeking from the plaintiff was incorrect, that the allegation that the building was in compliance with rent-stabilization laws was false, and that the judgment amount that they demanded was not authorized by law. As such, the complaint sufficiently alleged the material elements of a gross negligence cause of action (*see Dolphin Holdings, Ltd. v Gander & White Shipping, Inc.*, 122 AD3d 901, 903). Accordingly, the Supreme Court should have denied those branches of the separate motions of the building defendants and the attorney defendants which were to dismiss the fourth cause of action, alleging gross negligence, insofar as asserted against each of them.

A cause of action alleging a violation of Judiciary Law § 487 "requires, among other things, an act of deceit by an attorney, with intent to deceive the court or any party" (*Grasso v Guarino*, 227 AD3d 872, 873 [internal quotation marks omitted]; *see Shaffer v Gilberg*, 125 AD3d 632, 636; *Lazich v Vittoria & Parker*, 189 AD2d 753, 754). "Relief pursuant to Judiciary Law § 487 is not lightly given, and requires a showing of egregious conduct or a chronic and extreme pattern of behavior on the part of the defendant attorneys" (*Kaufman v Moritt Hock & Hamroff, LLP*, 192 AD3d 1092, 1093 [citation and internal quotation marks omitted]). "'To mislead the court or a party is to deceive it; and, if knowingly done, constitutes criminal deceit under the statute.'. . . While attorneys must zealously advocate for their clients, such deception or collusion is antithetical to

appropriate advocacy, functioning as a fraud on the court or a party" (*Bill Birds, Inc. v Stein Law Firm, P.C.*, 35 NY3d 173, 179 [emphasis omitted], quoting *Amalfitano v Rosenberg*, 12 NY3d 9, 14).

Here, the complaint alleged that the attorney defendants continued to litigate against the plaintiff despite having knowledge that the building defendants had misrepresented the amount owed and had misrepresented that the building was properly registered under rent-stabilization laws. The complaint further alleged that the attorney defendants were engaged in similar lawsuits against additional tenants. Accepting the plaintiff's allegations as true and giving the plaintiff the benefit of every possible favorable inference, the complaint adequately stated a cause of action to recover damages for a violation of Judiciary Law § 487 against the attorney defendants (*see Garanin v Hiatt*, 219 AD3d 958, 959). Accordingly, the Supreme Court should have denied that branch of the attorney defendants' motion which was to dismiss the second cause of action, alleging a violation of Judiciary Law § 487.

However, the Supreme Court properly granted those branches of the separate motions of the building defendants and the attorney defendants which were to dismiss the third cause of action, alleging negligence per se, insofar as asserted against each of them. Contrary to the plaintiff's contention, even if the defendants violated General Business Law § 349, a cause of action alleging negligence per se against them for violation of that statute cannot lie, as the statute does not impose a specific duty on the defendants (*see Omre v Dorfman*, 217 AD3d 874, 875).

LASALLE, P.J., FORD, VOUTSINAS and LANDICINO, JJ., concur.

ENTER:

Darrell M. Joseph
Clerk of the Court

December 3, 2025                                                                                           Page 4.

CALIXTO v A. BALSAMO & ROSENBLATT, P.C.