# AHMAD KESHAVARZ
*Attorney at Law*

---

16 COURT ST., 26TH FLOOR  
BROOKLYN, NY 11241-1026

WWW.NEWYORKCONSUMERATTORNEY.COM  
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900  
Fax: (877) 496-7809

February 18, 2026

**VIA ECF**
Magistrate Judge Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

>  Re:   **Plaintiff's letter motion for adjournment of pre-motion and initial case management conference.**
>  *Perpetual Ashare v. Sontag & Hyman, P.C et al.,* Case 1:25-cv-02834-GHW-KHP

Dear Judge Parker:

This firm represents Plaintiff in the above-referenced action. Pursuant to the Court's December 1, 2025 Order (Dkt. 76), we write to provide a joint agenda letter of outstanding discovery issues needing resolution. The Parties apologize for the late filing of this letter.

*Plaintiff*

Plaintiff has taken the depositions of (1) Marc Hyman (jointly in his individual and 30(b)(6) capacities); (2) Kathy Gambino, an employee of Sontag & Hyman; and (3) the putative corporate representative for the Landlord Defendants. After weeks of correspondence with counsel for Attorney-Defendants regarding insufficient document productions, Plaintiff's co-counsel, Ahmad Keshavarz, had a lengthy telephone call with Michael Jacobson, the associate for the firm representing the Attorney-Defendants, regarding the discovery responses of Sontag & Hyman. Mr. Jacobson agreed to confirm that the existing objections were largely prophylactic and that they would either be withdrawn or they would expressly state they were not withholding documents based on the objections. Attached as **Exhibits A and B** are email correspondence with Attorney-Defendants' counsel to this effect.

Mr. Jacobson further indicated that amended answers and additional documents would be identified and produced within a few days. Attorney Defendants did produce an amended written response to Plaintiff's Requests for Production withdrawing or modifying a number of the objections as discussed and answering certain requests for production in the form of interrogatories. However, for the next few weeks, we received follow up emails indicating the responses would be coming shortly but no actual documents were produced. It was only by taking the deposition of Kathy Gambino, an employee of Sontag & Hyman, that Plaintiff was able to identify documents that existed but were not produced, such as computer screen shots containing information relevant to the nonpayment case filed against the Plaintiff in housing court. Both Ms. Gambino and Mr. Hyman also testified that their law firm received an intake

form from the Landlord-Defendants used to open an account which contained no privileged information. Mr. Hyman further testified that there were physical files in filing cabinets "downstairs" that may contain responsive documents as to discovery demands of Ms. Ashare that no one had checked. In addition, Mr. Hyman refused to answer certain questions because it was "none of your business," such as how much his firm was paid for sending out demand letters and filing each of the nonpayment lawsuits against the Plaintiff. Attached as **Exhibits C and D** are deposition transcript excerpts covering some of the above topics.

Plaintiff's remaining discovery issues with Attorney-Defendants are as follows:

1. Any templates used to draft lawsuits or demand letters, which Attorney-Defendants have represented that they are searching for but have not yet produced.

2. Answers to Requests for Production Nos. 26, 27, and 29 (misnumbered by error as Nos. 25, 26, and 28) in the form of interrogatory answers or affidavits.

3. Emails identified in the Defendants' original and updated privilege logs, which were later identified in deposition testimony, to be produced in their native format. Attached as **Exhibit E** is the Attorney Defendants' privilege log, and attached as **Exhibit F** is the Landlord Defendants' most recent privilege log; the emails in question are emails requesting the initiation of nonpayment cases.

4. Full production of responsive emails including emails to and from associate Michael Giammarusco as identified in the complaint and in the privilege logs.

5. An affidavit attesting to the information requested in depositions but not provided, including the amount paid per nonpayment filing and per each type of rent demand; the income of the firm and of Mr. Hyman personally from the firm; and the existence or nonexistence of physical files as to Plaintiff, and the production of such files if they do exist.

6. Plaintiff requests leave under Local Rule 33.3 to ask:
   a. the amount paid to Attorney Defendants by the Landlord Defendants for each year for the relevant time period, defined in Plaintiff's discovery demands as beginning on March 6, 2015, for collections for rent against tenants in the subject building.
   b. The amount paid to Landlord Defendants for each year for the relevant time period for the subject building by or on behalf of tenants.

Meanwhile, the corporate representative for the Landlord-Defendants did not gather information necessary to answer the deposition topics. Landlord-Defendants have objected to producing certain emails based on attorney-client privilege even though the communications are not with an attorney, but between the Landlord-Defendants and an architect.

As to the discovery items raised by the Attorney Defendants, Plaintiff responds as follows:

2

   a. As to subpoena responses Plaintiffs will check and produce any missing documents or inform the Parties there are no missing documents by February 27.

   b. As to interrogatories, Plaintiff will provide verification by February 27.

   c. As to retainer agreements, Plaintiff stands on her objections.[1] This is not a situation where Plaintiff is seeking attorneys' fee for defending the collection lawsuit as actual damages in the FDCPA lawsuit.

   d. As to work schedule's we will search and produce records in our possession custody or control for the time period of September 17, 2024 through January 13, 2024. This the time period 4 months prior to the sending of the first debt collection notice from the Attorney Defendants related to the collection of rent for which was not legally chargeable to her through the date of discontinuance of the collection lawsuits. [Dkt. 1-11]. The federal lawsuit [Dkt. 1] alleges for the time period after the sending of the various rent collection letters forced her to work overtime hours. See e.g. Dkt.1, ¶ 50 (in response to receiving April 10 2024 5 day rent demand [Dkt. 1-12] Ms. Ashare began picking up overtime shifts to pay the amount demanded upon pain of eviction). The work schedule outside that period has no relevance to the FDCPA action.

   e. As to deposition of Plaintiff, no dates for her deposition have ever been proposed. There is no problem in taking her deposition; Plaintiff's counsel just needs proposed dates so we can coordinate scheduling.

*Attorney Defendants*

Attorney-Defendants disagree with Plaintiff's narrative of discovery in this case as unnecessary, misleading, borderline fictitious, incomplete, and not evidencing the cooperation applicable to discovery mandated under the Federal Rules of Civil Procedure.[2]

---

[1] To the degree this request is as to fees sought to be recovered under, *inter alia*, the fee shifting provisions of the FDCPA, then Plaintiff objects to fee record production as premature. Attorney's fees and costs are only recoverable, if at all, if the consumer prevails on the trial on the merits under a statute that allows for the recovery of the same. *See* Fed. R. Civ. P. 54. At that point – post-trial – fee records become relevant as plaintiff would be entitled to make a fee petition. Prior to that time, however, the documents and the information are not relevant or reasonably calculated to lead to the discovery of relevant information. *Abels v. JBC Legal Group, P.C.*, 233 F.R.D. 645 (N.D.Cal. 2006) (defendants' motion to compel production of time records and retainer denied) (FDCPA case); *Bank v. Pentagroup Financial, LLC*, No. 08-cv-5293 (JG)(RML), 2009 WL 1606420, fn 6 (E.D.N.Y. June 9, 2009) ("defendant's counsel has moved for an order permitting discovery relating to plaintiff's attorney's fee claim… That application is denied. Since fees are available only if the plaintiff prevails, and the defendant contests liability, such procedures would be premature.) (FDCPA case); *In re Grand Jury Witness*, 695 F.2d 359, 362 (9th Cir. 1982); *In re Horn*, 976 F.2d 1314 (9th Cir. 1992); *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003).

[2] Accordingly, Attorney Defendants do not view it necessary to respond to each and every single statement from Plaintiff's counsel. Upon the Court's request, Attorney Defendants would be willing to provide all correspondence with Plaintiff's counsel regarding discovery.

During a meet and confer on February 11, 2026, counsel for Attorney Defendants explained to Plaintiff's counsel[3] they need additional information on the relevance of "templates used to draft lawsuits or demand letters" in order to asses the proportionality of this request and the expense of producing this information

Plaintiff's next item is for 1. Answers to Requests for Production Nos. 26, 27, and 29 (misnumbered by error as Nos. 25, 26, and 28) in the form of interrogatory answers or affidavits.

Plaintiff's requests are as follows: (26) "Documents sufficient to demonstrate the total number of attorneys employed by you in 2023-2024"; (27) Documents sufficient to demonstrate the total number of debt collection notices you sent to consumers, including tenants, identifying yourself as a debt collector from 2023-2024; and (29) Documents sufficient to demonstrate the total number of debt collection court cases you filed in 2023-2024, including debts consisting of rent arrears."

During a February 11, 2026, meet and confer, counsel for Attorney Defendants explained to Plaintiff's counsel that they are currently maintaining their objections based on undue burden and proportionality. In particular, Demand 26 was sufficiently addressed at Marc Hyman's deposition. Demands 27 and 29 would impose an undue burden. However, Attorney Defendants are currently investigating whether such documents could be obtained without having to count each and every entry or case. In addition, Plaintiff could ascertain this information through a Request for Admission or Interrogatory after the pending Motion to Dismiss, if necessary.

In regards to Plaintiff's Fifth Request, Attorney Defendants object to this topic for information regarding net worth and payment information for as (i) premature in seeking information regarding punitive damages and (ii) calculated to burden, harass, or embarrass Defendants through requiring the disclosure of highly sensitive information. *See e.g. Molgora v. Sharinn & Lipshie, P.C.,* No. 17-CV-03766, 2018 WL 739581, at *1 (S.D.N.Y. Feb. 6, 2018). As to the physical files related to Plaintiff, Attorney Defendants are undertaking a reasonable search for any physical documents.

Attorney-Defendants concur with Landlord Defendants' assessment of the relevance of Plaintiff's proposed topics for which Plaintiff seeks leave to propound interrogatories.

In regards to Plaintiff's outstanding discovery, Attorney Defendants would like to address the following:

a. The NYC DOB subpoena response provides a certification to authenticate 255 pages on DOB_0010. The production thereafter terminates on DOB_0269. Accordingly, Attorney-Defendants would like to confirm they are in possession of the entire production.
b. Whether Plaintiff will verify her interrogatories.
c. Whether Plaintiff maintains objections to producing retainer agreements counsel of record (Request Nos. 1-2), and her work schedule from January 1, 2022 to present (Request No. 22).
d. Scheduling a date for Plaintiff's deposition.

---

[3] Reference to Plaintiff's counsel in this letter refers to Mr. Keshavarz and Mr. Gartland.

In addition, Attorney-Defendants would like to discuss settlement.

*Landlord-Defendants*

At present, the Landlord-Defendants have produced over 1,000 responsive documents. Moreover, the only documents not produced were set forth in the Landlord Defendant's Amended Privilege Log. This email communication set forth in the Amended Privilege Log is deemed privileged under both the Work Product Doctrine and Attorney-Client Privilege.

Therefore, since all documents were provided and are within Plaintiff's possession, Landlord Defendants are baffled as to the Plaintiff's position that "the corporate representative for the Landlord-Defendants did not gather information necessary to answer the deposition topics." Further, the representative answered all relevant questions to the best of her knowledge. The fact that she did not give them the answers that the Plaintiff desired is not a failure of discovery.

With regard to email communication by and between the Landlord Defendants and Architect, the communication withheld were communications which took place during and regarding a litigation matter, specifically East Harlem MEC Parcel C, LP v. Reggie Smalls, Civil Court of the City of New York, County of New York, Housing Part U, Index No.: L&T 300884/22-HA.

The work-product privilege (or "work-product doctrine") protects from discovery by the opposing party "documents and tangible things that are prepared in anticipation of litigation or for trial." Federal Rule of Civil Procedure 26(b)(3)(A).

"The rule provides that '[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, **consultant**, surety, indemnitor, insurer, or **agent**).' Fed. R. Civ. P. 26(b)(3)(A); *see also Hickman v. Taylor*, 329 U.S. 495, 67 S. Ct. 385, 91 L. Ed. 451 (1947) (establishing and articulating application of the **work product doctrine**); *Welland v. Trainer*, No. 00-cv-0738 (JSM), 2001 U.S. Dist. LEXIS 15556, 2001 WL 1154666, at *2 (S.D.N.Y. Oct. 1, 2001) (if a document 'is created because of the prospect of litigation, analyzing the likely outcome of that litigation' it is eligible for work product protection) (quoting *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998))." *See*, Delgado v. Donald J. Trump for President, Inc., 2024 U.S. Dist. LEXIS 113160, *9-10 (SDNY 2024).

The documents set forth in the Amended Privilege Log entailed discussions during the Smalls' litigation and as such, the Defendant Landlord's invoked the privilege. Only those emails that that took place during the pendency of the litigation were marked privileged. Moreover, the Landlord Defendants were seeking information and having communications that dealt the very issues raised in the litigation or would provide information pertinent to that litigation or were in support of the litigation.

5

Factors considered in determining whether a document has been prepared in anticipation of litigation include the purpose or reason the document was created; when the document was created; and the likelihood that litigation will ensue. Moreover, Courts looking at the nature of the document and the factual situation in the particular case, determine whether it can fairly be said to have been prepared or obtained because of the prospect of litigation.

The communications with the Architect took place during the Smalls' litigation, a litigation that entailed the very issue of the C/O and the Architect's work with regard to the C/O and matters important to refuting Smalls' defenses. further still and as set forth in the Amended Privilege Log, many of these communications included the Landlord Defendants' counsel in the Smalls' litigation, which in turn raises attorney-client privilege protections.

Based on the foregoing, the Plaintiff has in its possession all necessary and relevant documents, minus the privileged communications that are not subject to disclosure.

Notwithstanding the foregoing and by way of discussions between the Plaintiff's counsel and Landlord Defendants' counsel, the parties have agreed to present the emails deemed privilege to the Court. If the Court determines that the emails should be produced, they will be handed over at the conference.

As for the Plaintiff's request under Local Rule 33.3, there is absolutely no relevancy to Plaintiff's demand regarding the "amount paid to Landlord Defendants for each year for the relevant time period for the subject building by or on behalf of tenants." Under Federal Rule of Civil Procedure 33, interrogatories must be relevant to any party's claim or defense and proportional to the needs of the case. If a question is not relevant, it is considered improper, and the responding party may object rather than answer. Information as to other tenants in the building or any profit or loss information regarding the Landlord Defendants is in no way relevant to the Plaintiff's claim and must not permitted.

The parties are actively discussing settlement of this case.

Thank you for your time and consideration.

Sincerely,
/s/
Ahmad Keshavarz