# Ahmad Keshavarz

| | |
|---|---|
| **From:** | Ahmad Keshavarz |
| **Sent:** | Wednesday, November 12, 2025 10:29 AM |
| **To:** | Michael Jacobson |
| **Cc:** | Kevin Gartland |
| **Subject:** | Fwd: Ashare discovery issues worked out |

Michael,

Good speaking with you. Below are our notes as to what has been agreed to. Also on our call you indicated you will be provided amended answers by 11/18 and supplemental documents by 11/18 or 11/19, with the bates-stamped documents being produced on a rolling basis.

If you believe we are mistaken as to any of these items please reply to this email by the end of the day and note any disagreements and if so what the disagreements is.

Thank you. Speak to you at 12:30 today to follow up as to our clients and 1:00 am as to our answers, as to discovery issues between plaintiff and LL defendants.

**Ahmad Keshavarz**

Begin forwarded message:

> **From:** Kevin Gartland <kevin@newyorkconsumerattorney.com>
> **Date:** November 11, 2025 at 1:37:53 PM EST
> **To:** Ahmad Keshavarz <ahmad@newyorkconsumerattorney.com>
> **Subject: Ashare discovery issues worked out**
>
> This is what I have from comparing my notes to yours.
> **General notes:**
> Attorney Defendants will clarify that their claims of attorney-client privilege are only as to the documents identified in the privilege log and they have or will produce all documents in their possession, custody, or control which they do not believe is covered by the attorney-client privilege or another specifically identified privilege. Attorney Defendants also agreed to provide a Word version of their initial discovery answers. Attorney Defendants also generally note that they have only produced documents within their possession, custody, and control, and to the extent Plaintiff requests documents outside Attorney Defendants' possession, custody, or control, Attorney Defendants are unable to produce them. Attorney Defendants will seek to provide amended answers by November 18.
> **Request for Production #1**
> Attorney Defendants will withdraw the objection as to relevancy and double-check to provide specific Bates stamp numbers to the extent documents from Defendants' initial disclosures are relevant here.
> **Request for Production #2**
> Attorney Defendants will withdraw the objection as to overbreadth and lack of time frame and attempt to identify documents which may be responsive and readily identifiable but are not in their possession, custody, or control.

1

**Request for Production #3**
Attorney Defendants will undertake a search and attempt to identify which, if any, contracts between and among Defendants it has or can obtain, and will take under advisement Plaintiff's contention about the relevance of an employment agreement for Marc Hyman. Subject to objections, will produce.

**Request for Production #9**
Attorney Defendants will undertake a search and produce to the extent they exist.

**Request for Production #10**
Attorney Defendants will amend their answers to provide any templates used in collection litigation to the extent they exist. Attorney Defendants will also amend to identify the software program(s) used to generate them, if any, and seek to produce a document or documents identifying/explaining the operation of the software program(s).

**Request for Production #11**
Plaintiff withdraws this request.

**Request for Production #12**
Attorney Defendants will undertake a search and produce subject to the privilege log.

**Requests for Production #13 and #14**
Counsel for Attorney Defendants will confer among themselves and with their clients.

**Request for Production #16**
Attorney Defendants agree to identify/explain any abbreviations and/or codes identified by Plaintiff upon request.

**Request for Production #18**
Attorney Defendants will revisit RFP #18 and the question of affirmative defenses after their Motion to Dismiss is decided.

**Requests for Production #19 and #21**
Attorney Defendants will undertake a reasonable search, produce to the extent they have responsive documents, and note where responsive documents either no longer exist or never existed.

**Request for Production #22**
Attorney Defendants believe this request as currently phrased states a legal conclusion.

**Request for Production #23**
Counsel for Attorney Defendants will confer among themselves and with their clients.

**Request for Production #24**
Plaintiff withdraws this request as Attorney Defendants represent that no documents were identified in their responses to Plaintiff's First Set of Interrogatories.

**Requests for Production #26 and #27**
Plaintiff will accept an answer in the form of an interrogatory.

**Request for Production #28**
Plaintiff withdraws this request.

**Request for Production #29**
Plaintiff will accept an answer in the form of an interrogatory.

**Interrogatory #17**
Plaintiff amends or clarifies this interrogatory to mean when Attorney Defendants became aware of the date of the Court of Appeals's decision in *Chazon v. Maugenest*.

Kevin Gartland
Associate
(Licensed in NJ, admission pending in NY)