Page 133

```
 1              M. HYMAN
 2   again, based on what you know?
 3       A.   What did I do?
 4            What did I do wrong?  Ms. Ashare
 5   lives in a beautiful apartment from a fairly
 6   new building, from what I understood.  Her --
 7   she's lives there.  The landlord provides the
 8   building for her and services for her.  She
 9   doesn't pay rent.
10            What did my client and I do wrong?
11       Q.   So -- you again --
12            MR. FLANAGAN:  Objection.  Counsel,
13       that's...
14            MR. KESHAVARZ:  You can answer.
15       A.   When?  I'm not representing the
16   client so I can't really --
17            MR. FLANAGAN:  Let's not get into
18       this sort of back-and-forth argumentative
19       stuff.
20   BY MR. KESHAVARZ:
21       Q.   All right.  Let me go through the
22   deposition topics of the 30(b)(6).
23            When you filed suit against
24   Ms. Ashare, you didn't have any documents
25   regarding the certificate of occupancy, right?
```

Page 134

```
 1              M. HYMAN
 2       A.   What was the beginning part of the
 3   question; when we what?
 4       Q.   I withdraw the question.
 5            Does your firm record phone calls
 6   with tenants or -- strike that.
 7            Does your firm record any phone
 8   calls?
 9       A.   I don't believe so.  I don't know
10   what anybody else does, but I don't.
11       Q.   Not to your knowledge?
12       A.   Correct.
13       Q.   Are -- are -- Topic Number 37 was
14   asking about objection to your document
15   production.  You made an objection to our
16   document production about documents regarding
17   Ms. Ashare, saying it requires Defendants to
18   create information.
19            What's the basis of that?
20            MR. FLANAGAN:  Counselor, just to be
21       clear there, I don't think you read that
22       full inquiry, which was -- must have had a
23       typo or there was something wrong with that
24       inquiry -- with that topic.
25            But, you know, in any event, he can
```

Page 135

```
 1              M. HYMAN
 2   answer over objection.
 3       A.   I'm not sure I know what you are
 4   talking about, so.
 5       Q.   Is there any information regarding
 6   Ms. Ashare that would require you to recreate
 7   the document?
 8            MR. FLANAGAN:  Over objection, you
 9       can answer.
10       A.   If the file is no longer here or
11   something is missing, we can reprint something
12   or we can get it off of NYSCEF.
13       Q.   Okay.
14            What documents could you reprint?
15            Putting aside NYSCEF, what documents
16   could you reprint?
17            MR. FLANAGAN:  Objection; asked and
18       answered.
19            You can answer again.
20       A.   I believe predicate notices and the
21   petition.
22       Q.   Anything else?
23       A.   I don't know what else there would
24   be to print.
25       Q.   I don't know either.  That's why I'm
```

Page 136

```
 1              M. HYMAN
 2   asking.  All right.
 3            And that would be, like, a
 4   recreation of the document; it's not like a
 5   scanned document that you print out; your
 6   system recreates that same document?
 7       A.   This would have been a question for
 8   Kathy.  I'm not sure how they do it.  I have no
 9   idea.  It would be the same document, yes.
10       Q.   Okay.
11            There is a cross claim by Richman
12   against you and your firm.
13            Do you know what the basis of that
14   cross claim is?
15       A.   I don't think I'm aware of it, to be
16   honest with you.  Off the top of my head, I
17   have no idea.
18       Q.   You didn't know that there was a
19   cross claim against you, personally, and the
20   firm?
21       A.   Not necessarily, no.
22            MR. FLANAGAN:  Objection to form.
23   BY MR. KESHAVARZ:
24       Q.   What was your answer?
25       A.   That was somebody else.
```

