# AHMAD KESHAVARZ
*Attorney at Law*

---

| 16 COURT ST., 26TH FLOOR<br>BROOKLYN, NY 11241-1026 | WWW.NEWYORKCONSUMERATTORNEY.COM<br>E-mail: ahmad@NewYorkConsumerAttorney.com | Telephone: (718) 522-7900<br>Fax: (877) 496-7809 |
|---|---|---|

March 4, 2026

**VIA ECF**
Magistrate Judge Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    **Subsequent Relevant State Court Case History in East Harlem MEC Parcel C, L.P. v. Reggie Smalls, LT-300884-22/HA.**

             *Perpetual Ashare v. Sontag & Hyman, P.C. et al.,* Case 1:25-cv-02834-GHW-KHP

Dear Judge Parker:

    The undersigned, along with co-counsel Manhattan Legal Services, represents Plaintiff Perpetual Ashare in the above-entitled action.

    On September 3, 2025, the Attorney Defendants filed their Motion to Dismiss [DE 67]. Plaintiff filed her Opposition on October 24, 2025 [DE 72], and Attorney Defendants filed a Reply on November 7, 2025 [DE 74].

    Plaintiff files this letter to bring to the Court's attention subsequent case history in a state court matter relevant to all Parties' briefing on the Motion to Dismiss. In their Reply Memorandum, Attorney Defendants' mentioned that the Landlord Defendants had filed a motion to renew and vacate the Housing Court's decision in *East Harlem MEC Parcel C, L.P. v. Reggie Smalls*, LT-300884-22/HA [DE 74, p. 4]. This motion to renew was also discussed at length at the most recent appearance before the Court in this matter. Such motion to renew and vacate has since been argued and denied. **Exhibit A** (*Smalls* renewal motion decision). Landlord Defendants filed a Notice of Appeal less than four hours after the decision was published on NYSCEF.

    Specifically, in its March 2, 2026 decision, the Court denied Landlord Defendants' motion to renew, concluding that the "DOB position letter does not provide new facts or evidence warranting a motion to renew." Rather, Judge Frances A. Ortiz reasoned that the DOB letter—which she characterized as hearsay—does not supersede the binding appellate caselaw holding that an owner of a multiple dwelling cannot maintain a nonpayment proceeding absent a valid certificate of occupancy, "even if the subject premises is not the subject of the alteration." In particular, the Court specifically concluded the DOB letter indeed confirmed that no rent can be collected from tenants from any part of the building:

> "This letter is not even an advisory type of opinion letter nor a final determination from DOB subject to an Article 78 review. It is basically a response letter to Petitioner's counsel regarding their inquiry. As such, even if it contained a new

fact that may have warranted this Court granting Petitioner's motion to renew it is inadmissible and unhelpful to Petitioner's claim. It does not change the well settled law that an owner of a multiple dwelling cannot maintain a nonpayment of rent action, ***even if the subject premises is not the subject of the alteration***. The Commissioner in letter ***reaffirms*** that the TCO expired on June 4, 2015." (emphasis added).

*Smalls*, LT-300884-22/HA, NYSCEF Doc. No. 64, p. 3 fn. 1.

Plaintiff thanks the Court for its consideration.

Sincerely,
/s/
Ahmad Keshavarz

cc: All Counsel via ECF